COMMONWEALTH *vs.* GEORGE R. AUSTIN & others.

A recognizance taken in the court of common pleas to prosecute exceptions in this court, and " abide the order and sentence of said court thereon," is broken, after the exceptions have been overruled and the case remitted to the court of common pleas, by not appearing there.

SCIRE FACIAS, returnable at February term 1858 of the court of common pleas, on a recognizance taken in that court at October term 1855, conditioned that Austin, having been convicted at that court of selling intoxicating liquors in violation of *St.* 1855, *c.* 215, and having alleged exceptions, which had been allowed, " shall personally appear before the supreme judicial court next to be holden for said county of Middlesex, and then and there prosecute his said exceptions with effect, and shall abide the sentence of said court thereon, and shall personally appear at any subsequent term of said court to which said indictment and exceptions may be continued, if not previously surrendered and discharged, and so from term to term, until the final sentence, order or decree of the court, and not depart without leave, and in the mean time shall keep the peace and be of good behavior."

The writ set forth the recognizance, and alleged that at October term 1857 of the court of common pleas, " to which court

Commonwealth *v.* Austin & others.

proceedings on said indictment and exceptions had been remanded and ordered by said supreme judicial court, the said Austin, although solemnly called to come into said court and answer according to the tenor of his recognizance, did not appear, but made default," and the other defendants were likewise defaulted.

The defendants demurred, upon the ground that the writ alleged no breach of the recognizance. The court of common pleas overruled the demurrer, and the defendants appealed.

*T. H. Sweetser & W. S. Gardner,* for the defendants. The condition of the recognizance was that the defendant should appear in this court and prosecute his exceptions and abide the final order and sentence thereon; and the recognizance could only be estreated in this court. When the case was remitted to the court of common pleas, its conditions had been satisfied and it became void. The declaration sets forth a breach in the court of common pleas, which is not mentioned in the condition of this recognizance.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

THOMAS, J. It was one of the conditions of the defendant's recognizance, not only to appear in this court to prosecute his exceptions, but to abide the decree and order of the court thereon. By the decree and order of this court the exceptions were overruled, and the cause remitted to the court of common pleas for further action. To have abided the order of this court in his cause, the defendant must have appeared at the court to which his cause was remitted and awaited its action. He did not appear and was defaulted. He did not keep his recogni zance and his demurrer must be overruled.

*Judgment for the Commonwealth*