## BEASLEY V. STATE.

Decided March 22, 1890.

> 53   67
> 62   505

*Bail bond—Change of venue—Exoneration of surety.*

> A surety on a bail bond, conditioned that defendant shall render himself amenable to all orders and process of the court in the prosecution of the charge, is not exonerated by an order of the court granting a change of venue; Mansfield's Digest, section 2199, providing that, on a change of venue in a criminal case, defendant shall enter into recognizance with security for his appearance in the court to which the cause is removed, being merely directory.

APPEAL from *Ouachita* Circuit Court.

B. F. ASKEW, Judge.

Appellant Beasley was surety on a bail bond for one Grant Capehart in Columbia circuit court upon a charge of perjury. Upon the application of Capehart, a change of venue to Ouachita circuit court was granted, the court directing that

Capehart be held upon his present recognizance for his appearance before said court. During the trial Capehart absconded. The jury agreed upon a verdict of not guilty, but the court refused to receive it in Capehart's absence. A forfeiture was taken upon his recognizance. To a scire facias issued upon the recognizance, appellant set up the defenses, (1) that he was liable for Capehart's appearance only in Columbia circuit court, and (2) that he was exonerated by the verdict of acquittal.

Section 2199, Mansfield's Digest, provides: "When such order shall be made, the defendant, if not in custody, and the offense charged be bailable, shall enter into recognizance, with sufficient security, for his appearance to answer the charges in the court to which the cause is to be removed on the first day of the next term thereof, and not depart such court without leave."

*B. W. Johnson* for appellant.

No change of venue should or could have been granted except upon defendant's entering into a new recognizance, Mansf. Dig., sec. 2199. This was not done, and the order of court permitting Capehart to stand on his present bond could not bind appellant. Sec. 2201, Mansf. Dig. Appellant never contracted that Capehart should appear at the Ouachita court. 28 Ark., 397; 28 Ark., 544. The court could not extend the contract so as to bind appellant for Capehart's appearance in the Ouachita court. 28 Ark., 346. See also 40 Ark., 332; 5 Hill, 647.

*W. E. Atkinson*, Attorney General, and *T. D. Crawford* for appellee.

A change of venue does not *per se* operate as an exoneration of the surety on a bail bond. Section 2199 is at most directory, and a failure to take new recognizance does not forfeit the old. Mansf. Dig., sec. 2047; 22 Ark., 544;

1 Duval (Ky.), 177; 51 Miss., 665; 16 Iowa, 316; 61 Iowa, 142; 83 Ky., 534; Brandt on Sur. and Guar., sec. 433.

PER CURIAM. The bond of Capehart stipulated that he should render himself amenable to all orders and process of the court, in the prosecution of the charge. On his petition the court ordered him to Ouachita county for trial. His surety, under the terms of his contract, was bound to see to his attendance. Section 2199, Mansfield's Digest, is directory merely.

The allegation in the answer that the defendant was acquitted, was refuted by other allegations in the answer and the record, which show that the court refused to receive the verdict in the absence of the defendant.

Affirmed.