STEWART *v.* STATE.

Opinion delivered January 11, 1909.

1. INSTRUCTION—REASONABLE DOUBT.—As the phrases "beyond a reasonable doubt" and "to a moral certainty" are synonymous, the refusal to give one of them in an instruction is not prejudicial if the other be used.  (Page 602.)

2. TRIAL—IMPROPER ARGUMENT—EFFECT OF WITHDRAWAL.—A statement made by the prosecuting attorney, in the prosecution of one for carnal abuse of his stepdaughter, that "if the defendant had not been guilty of the charge he would have resented it with all of the blood of his body" was not so prejudicial that its evil effects could not be removed by its withdrawal from the jury.  (Page 603.)

Appeal from Pike Circuit Court; *James S. Steel,* Judge; affirmed.

*J. C. Pinnix* and *W. P. Feazel,* for appellant.

The court erred in refusing to instruct the jury that they must be satisfied of defendant's guilt "to a moral certainty."  69 Ark. 538.  The argument of the prosecuting attorney was prejudicial.  58 Ark. 481.  The offensive argument was calculated to strike deep, and neither rebuke nor retraction could destroy its evil effect.  70 Ark. 305; 76 N. W. 462.

*William F. Kirby,* Attorney General and *Daniel Taylor,* Assistant, for appellee.

McCULLOCH, J.  Appellant was convicted of the crime of carnally abusing his step-daughter, a girl under sixteen years of age, and appeals to this court.  There is a sharp conflict in the evidence as to whether or not he ever had sexual intercourse with the girl, and there is evidence legally sufficient to sustain a verdict either way.

The instructions of the court given at the instance of the prosecuting attorney and also those given at the instance of ap-

pellant's attorney embraced the idea that before a conviction could be had the charge must be proved beyond a reasonable doubt. One requested by appellant was to the effect that the jury must be satisfied to a moral certainty beyond a reasonable doubt as to the guilt of the accused before they could convict him, but the court struck out the words *to a moral certainty*. This was not prejudicial, as that phrase, when used in this connection, is synonymous with the other. To be satisfied to a moral certainty is to be satisfied beyond a reasonable doubt. *Commonwealth* v. *State*, 118 Mass. 1; *Jones* v. *State*, 100 Ala. 88; *Woodruff* v. *State*, 31 Fla. 320; *Carlton* v. *People*, 150 Ill. 181.

Error is also assigned in the refusal of the court to incorporate in an instruction requested by appellant a direction to the effect that in passing upon his credibility as a witness they should "take into consideration the fact, if such is a fact, that he has been corroborated by other credible evidence."

The court gave correct instructions to the jury on this subject, and there was no error in refusing to give the statement contended for by appellant. No prejudice could have resulted from the failure to incorporate it in the instructions, as the jury must, under the instructions of the court, have considered the corroborative evidence if they deemed it credible.

The prosecuting attorney, in his closing argument to the jury, stated that "if the defendant had not been guilty of the charge he would have resented it with all of the blood of his body." Appellant's counsel objected to the remark, and asked the court to withdraw it from the jury, whereupon the presiding judge said to the prosecuting attorney in the presence of the jury that the statement was improper, and the jury should not regard it. This was equivalent to a withdrawal of the statement from the jury. It was all that appellant's counsel asked the court to do, and all that the court could have done except to have administered a more severe reprimand. The statement was not, in itself, so harmful that its effect could not be removed by its withdrawal.

It is unnecessary for us to determine whether or not the statement was a legitimate inference to draw in argument from appellant's conduct while resting under the revolting accusation

of having had sexual intercourse with his young step-daughter. We content ourselves with deciding that no harmful effect remained on the minds of the jury after the remark was withdrawn.

Judgment affirmed.