DERRICK *v.* STATE.

Opinion delivered October 18, 1909.

1. WITNESSES—LEADING QUESTIONS—DISCRETION OF COURT.—It was not reversible error, in a criminal case, to permit the prosecuting attorney to ask his witnesses leading questions when no abuse of the court's discretion is shown. . (Page 239.)

2. SAME—EXAMINATION.—It was not error, in a criminal case, to permit the prosecuting attorney to ask one of his witnesses concerning his testimony before the grand jury, and to produce the minutes of the grand jury and examine the witness as to same. (Page 239.)

3. TRIAL—ARGUMENT—REFERENCE TO ARTICLE IDENTIFIED BY WITNESS.—Where a coat, said to have been worn by the prosecuting witness in a case of assault with intent to kill, was handed to him while on the witness stand, and identified by him, it was not error to permit the prosecuting attorney to hold the coat before the jury and comment upon it. (Page 240.)

4. SAME—WHEN ARGUMENT NOT PREJUDICIAL.—It was not prejudicial error to permit the prosecuting attorney, in a case of assault with intent to

kill, to remark to the jury that "the proof shows that the defendant not only murderously cut the said Newton, but tried to cut his throat after he was on the ground," where the evidence was to the effect that defendant cut Newton nine times, once after he was on the ground, and had to be stopped by a third person. (Page 243.)

5. INSTRUCTIONS—AMBIGUITY.—The giving of an ambiguous instruction is not ground for reversal if, when construed with the other instructions, it could not have misled the jury. (Page 241.)

6. ASSAULT WITH INTENT TO KILL—SELF DEFENSE.—In determining whether one charged with assault with intent to kill acted in self defense, the jury should consider all the facts and circumstances connected with the assault, the condition of the person assaulted, whether drunk or sober, the nature and extent of wounds inflicted by the accused, with all of the other facts shown by the evidence. (Page 241.)

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; affirmed.

*H. A. Parker,* for appellant.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

1. Mere words, however vile or insulting, do not justify an assault, neither do threats. Clark's Crim. Law, 1894 Ed., 215 and cases cited; 2 Bishop's Crim. Law, 7th Ed., art. 40; 75 Ark. 142; *Id.* 238.

2. The law presumes that one intends the reasonable consequence of his acts; and where, as in this case, it is apparent from the circumstances of the attack and the weapon used, that the defendant intended to commit an injury, the law will presume malice. 1 Wharton, Crim. Law, § 970; 25 Ark. 405; 35 Ark. 585; 38 Ark. 221; 45 Ark. 281.

3. The plea of self defense being interposed, it was proper for the jury to take into consideration all the physical facts and circumstances connected with the case, and also the condition of the assaulted party with reference to being drunk or sober, the nature and extent of the wounds inflicted. And, before such plea is available, it must appear that the defendant employed all means in his power consistent with his safety to avoid the danger and avert the necessity for the assault. 29 Ark. 225; 29 Ark. 248; 37 Ark. 238; 40 Ark. 445; Kirby's Dig. § 1798.

4. Where the witness testifies at the trial differently from the way he testified before the grand jury, it is proper for the State's attorney, notwithstanding the witness was summoned on behalf of the State, to question him as to what he testified before, and to introduce the evidence taken by the grand jury to show what his testimony was. 68 Ark. 587; 42 Ark. 542.

McCULLOCH, C. J. Appellant was indicted for assault with intent to kill, and was convicted of that offense. The alleged offense consisted of cutting one Newton with a pocket knife. The testimony shows that he cut Newton nine times, two or three of the wounds inflicted being serious ones, and the last was inflicted after Newton fell to the ground. Newton was intoxicated at the time, and does not pretend to remember all that occurred, but relates a good deal that he says he remembers. Suffice it to say that the testimony which he gave at the trial of the case was sufficient to make out a case of assault with intent to kill against appellant. The testimony introduced by appellant was sufficient, if it had been accredited by the jury, to reduce the offense below the crime of assault with intent to kill, but it is doubtful whether his own testimony is sufficient to show that he was justified in cutting Newton as he did; for it is probable, even according to his own version of the facts, that he continued to cut Newton after the necessity therefor, in what appeared to him to be his own defense, ceased.

Appellant in his motion for new trial, and in oral argument of his counsel before this court, attacks the method of the State's attorney in examining witnesses, but we do not find that his grounds of attack are fully borne out by the record. It is true that there are some leading questions asked; but this is not reversible error without an abuse being shown of discretion of the trial judge in regulating and controlling the examination of witnesses. *Taylor* v. *State*, 82 Ark. 540.

The propriety of the conduct of the State's attorney is also challenged in asking one of his witnesses, who appeared to be an unwilling one, as to his testimony before the grand jury and in producing the minutes of the grand jury and examining the witness as to same. There was no impropriety in this, for, if the prosecuting attorney was surprised at the testimony of his witness, he had a right to examine him as to what his testimony before the grand jury had been.

The coat said to have been worn by Newton when he was cut was handed to him while on the witness stand, and he identified it. It was not formally offered in evidence; but in his closing argument the State's attorney referred to the coat and held it before the jury, commenting upon its appearance. This was objected to by appellant and assigned as error. After the coat was identified as the one worn by Newton, it was not improper for the prosecuting attorney to refer to it in argument, although it had not been formally offered in evidence. Appellant had an opportunity to cross examine Newton concerning the coat if he desired to do so, or he could have introduced any other testimony to show that it was not the coat worn by Newton. He contented himself merely with an objection to the State's attorney making reference to the coat in his argument. We can really see no hurtful effect anyway in the reference to the coat, as all it could have shown was the rents in it made by the knife thrusts of the appellant; and appellant made no denial as to the number of times he had cut Newton, nor as to the places where the wounds were inflicted.

Objection is also made to the following remark of the State's attorney in his closing argument: "The proof shows that the defendant not only murderously cut the said Newton, but tried to cut his throat after he was on the ground."

The only evidence which justified this remark was the statement of Newton to the effect that the defendant had jumped on him after he had fallen to the ground, and cut him again, and had to be stopped by a third person. No witness testified that appellant tried to cut Newton's throat after he fell, but it was competent for the State's attorney to argue from the evidence that the defendant persisted in his effort to murder Newton after the latter fell to the ground, and this is about all that the remarks amounted to. It added little, if anything, to the force of the statement for him to say that defendant tried to cut Newton's throat after the latter had fallen, when in fact he did cut Newton nine times, once after he was down, and continued his vicious assault until it was arrested by the interference of Yelvington. We do not think that such inaccuracy in the statement of or deduction from the evidence by the prosecuting attorney in argument, under the circumstances of this case, calls for a reversal.

The giving of the following instruction is assigned as error: "The court instructs the jury that language, be it ever so vile or insulting, does not justify an assault. So, you are instructed that if you believe from the evidence that the defendant made an assault upon Luther Newton because of any insulting language so used by the said Newton to the defendant, you will find the defendant guilty as charged in the indictment."

The objection urged to this instruction is that it fails to take account of the degree of assault or of specific intent to kill, and leaves it open to the jury to find appellant guilty of the higher crime of assault with intent to kill without finding that the specific intent to kill existed at the time. We are not prepared to say that this instruction, if it stood alone in the record, would be free from that objection. But it must be read and considered in connection with the others given to the jury along with it. The court gave to the jury instructions in the language of the statute on all degrees of assault, and then gave one containing the following statement of the law: "If you have reasonable doubt of his intention to kill Newton, then you should acquit him of that charge, and then next take up and consider aggravated assault," etc., referring in turn to all the degrees of assault.

Now, when these instructions are read together, we do not think they have any misleading effect, as they show clearly that the court did not, by the concluding words of the first instructions, "as charged in the indictment," mean that an assault made because of insulting language necessarily constituted assault with intent to kill. The jury could only have understood it to mean just what the court intended, that an assault merely because of insulting words would be an unlawful assault, and would not be justifiable in law.

Another instruction objected to and assigned as error is as follows: "The court instructs the jury that, in determining whether the defendant was acting in necessary self-defense, you should take into consideration all the physical facts and circumstances connected therewith, and the condition of the party assaulted with reference to being drunk or sober, and the nature and extent of the wounds made upon the witness, Newton, by defendant, with all the other facts and circumstances shown by the evidence.

No well-founded objection can be stated to this instruction, as it was proper for the court to submit all the circumstances which there was any evidence tending to establish.

Other objections were made to the rulings of the court in giving and in refusing instructions, but we find no error in this respect, and nothing calling for further discussion. The case was fairly tried, and the defendant was convicted on legally sufficient evidence. Therefore the judgment is affirmed.

WOOD, J., dissents.