## THE STATE OF INDIANA *v.* HAZZARD ET AL.

[No. 21,430. Filed April 8, 1910.]

1. BAIL.—*Criminal Law.*—*Continuing Recognizances.*—*Change of Venue.*—*Statutes.*—Under §§1950, 2023 Burns 1908, Acts 1905 p. 584, §§82, 152, providing, respectively, that "a continuing recognizance shall require defendant to appear * * * from day to day and from term to term * * * until said cause is determined and not depart without leave," and that "the defendant shall not be required to renew it [the bond] during the pendency of the proceedings, unless ordered to do so * * * for cause shown," a defendant, who has executed a bond requiring him to appear at the next term, and from term to term, is required to appear from term to term not only in his own county, but in any county to which the case may be sent on a change of venue.

From Henry Circuit Court; *J. W. Macy*, Special Judge.

Action by The State of Indiana against George Hazzard and another. From a judgment for defendants, plaintiff appeals. *Reversed.* (See 168 Ind. 163.)

*George M. Barnard*, Prosecuting Attorney, for appellant.

*Eugene H. Bundy, N. Guy Jones* and *Forkner & Forkner*, for appellees.

MONKS, J.—Appellant brought this action against appellees, on a forfeited recognizance. Appellees' demurrer for want of facts to the complaint was sustained, and judgment was rendered on demurrer against appellant.

The only error assigned calls in question the action of the court in sustaining said demurrer.

It appears from the complaint that appellee Hazzard, who was in custody in the Henry Circuit Court, on a charge of forgery, executed, with appellee Mouch as surety, what is known as a continuing recognizance for his appearance in the court below at its next term, and each succeeding term thereof, and not to depart thence without leave, and conditioned further that he would abide the order of the court, in which

event the bond was void, otherwise to remain in full force and effect.

Afterwards said Hazzard applied for a change of venue, which was granted, and the venue changed to the Rush Circuit Court. All the papers and proceedings were certified to said court, where, on account of the failure of said Hazzard to abide the order of the court and appear and answer said charge, said recognizance was forfeited.

Appellee Mouch insists that said continuing recognizance required only that appellee Hazzard appear and answer in the Henry Circuit Court, where it was given, and that he was under no obligation by the terms of said recognizance to appear in the Rush Circuit Court, or abide the orders thereof, and that the forfeiture of said recognizance by said court was void.

Under the statute in force prior to the act providing for continuing recognizances, it was uniformly held in such cases that to bind the sureties on the recognizance in a criminal case such recognizance must have been forfeited at the term at which it required defendants to appear, and if not forfeited at such term the surety thereon was discharged. *Kiser* v. *State* (1859), 13 Ind. 80; *Tucker* v. *State, ex rel.* (1859), 13 Ind. 332; *McGuire* v. *State* (1890), 124 Ind. 536, and cases cited.

Sections 1950, 2023 Burns 1908, Acts 1905 p. 584, §§82, 152, provide for a recognizance known as a continuing recognizance. Said §2023 provides that, when a continuing recognizance is given, "the defendant shall not be required to renew it during the pendency of the proceedings, unless ordered to do so by the court for cause shown." Said §1950 provides that a continuing recognizance shall require defendant to "appear * * * from day to day and from term to term thereof, and abide the order of the court until said cause is determined and not depart without leave."

It is evident that said recognizance requires defendants to appear from term to term until the cause is determined,

and that they are not to be required to renew said recognizance during the pendency of said proceedings, unless ordered to do so by the court for cause shown.

When the venue of said cause was changed to the Rush Circuit Court on application of the accused, the case was not thereby determined, but it was thereafter pending in the Rush Circuit Court as an undetermined cause. Under §§1950, 2023, *supra*, said recognizance was to secure the attendance of the accused "during the pendency of said proceedings," and until "said cause is determined."

When there is a continuing recognizance requiring an accused to appear from term to term, and to abide the order of the court, as in this case, and a change of venue is taken by the accused, he must appear in the court to which the change of venue is taken, or the recognizance may be forfeited. 5 Cyc. 123, 124 and cases cited in note 12; 3 Am. and Eng. Ency. Law (2d ed.) 714. See, also, *Hollister* v. *United States* (1906), 145 Fed. 773, 781, 783, 76 C. C. A. 337; *Baker* v. *State* (1893), 22 S. W. (Tex. Cr.) 1039; *Pearson* v. *State* (1879), 7 Tex. App. 279; *Beasley* v. *State* (1890), 53 Ark. 67, 13 S. W. 733; *State* v. *Curtis* (1896), 67 Mo. App. 431; *Commonwealth* v. *Austin* (1858), 77 Mass. 330; *State* v. *Brown* (1864), 16 Iowa 314.

The cases cited by appellees are not in point here, because decided under a law requiring recognizances for an appearance at the next term of the court, not "from term to term during the pendency" of the cause and "until the cause is determined," as in this case.

It follows that the court below erred in sustaining the demurrer to the complaint.

Judgment reversed, with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.