St. Louis, Iron Mountain & Southern Railway Company
*v.* Devaney.

Opinion delivered February 13, 1911.

1. Trial—Improper argument.—A statement by counsel for the plaintiff, in a personal injury suit by a passenger against a railway company, that the defendant "had treated the plaintiff worse than you would treat a dog" was not merely an expression of opinion, and not a statement of a fact not adduced in evidence; and, even if it were error, its prejudicial effect was removed by the instruction to the jury to disregard it. (Page 84.)

2. Same—Remarks of court to jury.—Where, after the jury had been considering the case for some time, and had not agreed on a verdict, the judge recalled them and said: "Gentlemen, I do not understand why a case like this, where liability is admitted, that you can not agree. It is childish. I am not going to discharge you." *Held,* no error. (Page 86.)

Appeal from Nevada Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*W. E. Hemingway, E. B. Kinsworthy, W. V. Tompkins, H. S. Powell, James H. Stevenson,* for appellant.

*Hamby & Haynie,* for appellee.

Frauenthal, J.   This was an action instituted by Mrs. Cleopatra Devaney, the plaintiff below, to recover damages for

personal injuries which she sustained while a passenger upon defendant's local freight train. She alleged that the defendant ran some lumber cars with great and unusual force and violence against the caboose in which she was riding as a passenger, and knocked her out of the seat in which she was sitting on to the floor, and thereby greatly and seriously injured her; that her arm was broken at the wrist, and her back and spine wrenched, and from these injuries she has sustained a well-defined and permanent case of neurasthenia. Upon a trial of the cause the jury returned a verdict in favor of the plaintiff, and from the judgment entered thereon the defendant has appealed to this court.

It is not claimed by defendant that there was not sufficient evidence adduced upon the trial of the case to warrant the verdict of the jury in favor of the plaintiff; nor is it urged upon this appeal that the amount of the verdict returned by the jury is excessive. Upon this appeal the defendant urges two assignments of error as reasons why the judgment of the lower court should be reversed. One of these assignments of error relates to the argument of counsel for plaintiff, and the other to certain remarks of the trial judge made to the jury when they first made report of their inability to agree upon a verdict.

In his closing argument to the jury the attorney for the plaintiff made the following remarks: "Gentlemen of the jury, just think how this defendant treated this woman. She was a passenger. They left the caboose in which they knew she was riding on the main line, and then, without notice or warning to her, they at rapid speed hurled three cars heavily loaded with lumber against the caboose, knocking plaintiff off her seat, wounding her for life. Gentlemen, they treated her worse than you would have treated a dog." The defendant's attorney made objection to this argument, whereupon the plaintiff's attorney said to the jury: "All right, if they object, I withdraw it; but it is true all the same." Thereupon the court said to the jury: "Gentlemen of the jury, that kind of argument is not right, and the attorney should not have made it, and the jury will pay no attention to it."

It is urged by counsel for defendant that these remarks of plaintiff's attorney to the jury were improper and prejudicial to defendant's rights. We have repeatedly stated and called to the

attention of the lower court that the due and proper administration of justice demands that the remarks of the attorneys before the jury should be kept within the bounds of legitimate argument; but, as we have also said, there is no fixed and rigid test by which to determine what is and what is not legitimate argument. In the presentation of his client's case before the jury counsel has the right to fully argue relative to the testimony which has been adduced and also relative to every inference and effect which legitimately flows therefrom. He has no right to make statements of or to argue relative to matters of fact about which there has been no evidence introduced upon the trial of the case. But mere expressions of opinion relative to the effect of the testimony that has been adduced, although in the opinion of others not properly deducible therefrom, or mere words of embellishment or dramatic and rhetorical flights, which may be considered not in the best taste, do not make the argument of counsel wrongful or erroneous. The statement of the attorney in his argument in this case that the defendant "had treated the plaintiff worse than you would treat a dog" was only an expression of opinion at the most. The jury could not have understood thereby that counsel was making a statement relative to a fact not adduced in evidence on the trial. But, in addition to this, if it should be deemed that it was error for counsel to have made this character of argument, we think that any prejudicial effect that could possibly have arisen therefrom was dissipated by the court instructing the jury that such argument was not right, and that they should disregard it. Under such an admonition of the court we cannot see how any sensible men composing a jury could be influenced by such an argument in arriving at their verdict. The judgment of the court should not be set aside on account of these remarks of counsel. *Reese* v. *State,* 76 Ark. 39; *Stewart* v. *State,* 88 Ark. 602; *St. Louis, I. M. & S. Ry. Co.* v. *Raines,* 90 Ark. 398; *Holt* v. *State,* 91 Ark. 576; *Derrick* v. *State,* 92 Ark. 237; *Gaston* v. *State,* 95 Ark. 233.

In the trial of the case and in his argument to the jury the attorney of defendant admitted that it was liable for the injuries which were sustained by the plaintiff. After the jury had retired to consider of their verdict and had remained for some time in consideration thereof the trial judge directed them to be brought

into court, and, learning from them that they had not agreed upon a verdict, he said to the jury: "Gentlemen, I do not understand why in a case like this, where liability is admitted, that you can not agree. It is childish. I am not going to discharge you." The jury then retired, and further considered of their verdict for some time, and later returned the verdict in favor of plaintiff.

It is urged by counsel for defendant. that these remarks of the court tended to influence the jury in arriving at their verdict, and were calculated to coerce or induce the jurors to yield their individual opinions, and that on this account a free and untrammelled decision of the jury was not obtained. But we do not think that the remarks of the trial judge were of such a nature as to influence the jury as to the character of the verdict which they should return, or to coerce or induce any individual juror to yield his opinion. In the conduct of the trial of causes the trial court is necessarily and rightfully vested with a large discretion. And, unless there has been a clear abuse or unwise exercise of that discretion, the appellate court should not interfere therewith. The trial judge should not make any remark to or in the hearing of the jury which would indicate his opinion as to the merits of the case or as to any fact involved therein. But he may properly admonish the jury as to the importance or desirability of their agreeing on a verdict. He should not by any word or act intimate that they should arrive at a verdict which is not the result of their free and voluntary opinion, and which is not consistent with their consciences; but still it is proper for the trial court to impress upon the jury the duty resting upon them to arrive at a decision. This court has said: "It is entirely proper for a trial judge, at all stages of the deliberations of the jury, to make plain the obligation resting upon them, if possible, to agree upon a verdict consistent with the facts and the concurring individual convictions of each juror." *Bishop* v. *State,* 73 Ark. 568; *Collins* v. *Karatopsky,* 36 Ark. 316; 11 Enc. Plead. & Prac. 304.

By the above remarks the trial judge did not intimate to the jury that he had any opinion relative to the merits of the case or as to any fact or issue therein involved, except that the defendant was liable. Of this portion of the trial judge's remarks the de-

fendant does not complain, because in the trial it admitted its liability. Counsel for defendant only complain of that portion of the remarks of the trial judge which declares that the action of the jury was childish in not agreeing, and that he was not going to discharge them. The effect of these remarks, we think, was only to admonish the jury of the desirability of their agreeing upon a verdict and of the importance of their so doing. While it chided them for not agreeing, we do not think that the effect of the remarks was to induce any juror to yield unwillingly his opinion. Nor do we think that the effect of the remarks of the trial judge that he was not going to discharge the jury was to coerce or compel them to agree on a verdict. It was an admonition to them of the duty resting upon them to make every reasonable effort to agree on a verdict, rather than a coercion of them to unwillingly agree to one that was inconsistent with their opinions and consciences. We do not think that the court abused its legitimate discretion or committed an error in the remarks which it addressed to the jury. See *Allen* v. *Woodson,* 50 Ga. 53 ; *Niles* v. *Sprague,* 13 Iowa 198; *State* v. *Green,* 7 La. Ann. 518; *Hannon* v. *Grizzard,* 89 N. C. 115.

In addition to this, we have examined the testimony relative to the injuries sustained by the plaintiff, and we think that it fully justified the jury in the amount of the verdict which they returned. It does not appear therefore that any improper influence was exerted on them, either by the remarks of the attorneys or of the lower court; so that in no event do we think that the defendant was prejudiced thereby.

The judgment is accordingly affirmed.