## HEMMINGWAY v. STATE.

### Opinion delivered November 19, 1923.

1. CRIMINAL LAW—JUDICIAL NOTICE.—Courts take judicial notice of the statutory division of a county into judicial districts and of the location of towns in the county with reference to such districts.

2. CRIMINAL LAW—VENUE—EVIDENCE.—Where it was alleged and proved that defendant sold liquor behind a store in a certain town, which the court knows judicially was situated in the district and county of the venue, the venue was sufficiently established.

3. INTOXICATING LIQUORS—SALE—EVIDENCE.—In a prosecution for selling intoxicating liquors, evidence *held* to warrant a finding that the sales were made prior to the finding of the indictment.

Appeal from Mississippi Circuit Court, Chickasawba District; *G. W. Keck,* Judge; affirmed.

*G. W. Barham,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock* and *Darden Moose,* Assistants, for appellee.

SMITH, J. Appellant was indicted for selling intoxicating liquor, and was found guilty as charged.

For the reversal of the judgment of the court sentencing him to the penitentiary, two errors are assigned; (1), that the venue was not proved; and (2), that the testimony did not show a sale prior to the date of the indictment.

The testimony on the part of the State was to the effect that the sale was made behind Shaffer's hardware store, in the town of Manila. Now, the court knows judicially that by act 81 of the Acts of 1901, page 136, Mississippi County was divided into two judicial districts, which were there called the Osceola District and the Chickasawba District; and we also know that Manila is in the Chickasawba District thereof; indeed, this fact appears from the act itself, as § 4 thereof provides that the citizens of the Chickasawba District should determine, at an election which the act directed to be held for that purpose, whether the courts of that dis-

trict should be held at the town of Manila or Blythe-ville.   The indictment alleges the venue in the Chicka-sawba District of Mississippi County, and, as we have said, we judicially know that Manila is situated in that district.  *Bonner* v. *Jackson,* 158 Ark. 526; *Guerin* v. *State,* 150 Ark. 295; *Wells* v. *State,* 151 Ark. 221.

The indictment was returned by the grand jury and filed in open court on April 6, 1922, and the trial was had at the April term, 1923.   One of the State's witnesses did testify that the sale was made in the fall of 1922, but, upon being pressed to be definite, answered that the sale was made in 1921.   Another witness, who was asked about the time of alleged sales, answered that he bought liquor from appellant on Christmas eve.   He was fur-ther asked:  "Q. This last Christmas eve or the one before that?  A.   The one before that.   Q.   In the town of Manila?  A. Yes sir.   Q. You don't know whether that was in the Chickasawba District of Mississippi County or not, do you?  A.  No sir."

We think this testimony warranted the finding that the sales were made prior to, and not since, the date of the indictment.

No error appears, and the judgment is affirmed.