MINOR *v.* STATE.

Opinion delivered January 21, 1924.

1. INDICTMENT AND INFORMATION—FAILURE TO NUMBER INDICTMENT.—Failure to number an indictment did not render it void.

2. CRIMINAL LAW—FAILURE TO INDORSE NAMES OF WITNESSES ON INDICTMENT.—Failure to indorse the names of witnesses on an indictment did not invalidate it or afford grounds for quashing it.

3. CRIMINAL LAW—CHANGE OF VENUE—RECOGNIZANCE OF ACCUSED.—Crawford & Moses' Dig., § 3091, requiring the accused, on a change of venue being granted, to enter into a recognizance for his appearance, is directory, so that the case will not be reversed because the transcript fails to show that accused had executed recognizance to appear in the circuit court of the county to which the venue was changed.

4. CRIMINAL LAW—JUDICIAL KNOWLEDGE.—The court judicially knows that Van Buren is in Crawford County.

5. CRIMINAL LAW—SUFFICIENCY OF EVIDENCE.—Evidence *held* to support a finding that the illegal sales of intoxicating liquor were made in a town in the county of the venue.

6. CRIMINAL LAW—TESTIMONY BEFORE GRAND JURY.—Proof of what a witness testified before the grand jury is inadmissible as substantive testimony, but is admissible to contradict testimony given by the witness at the trial.

7. CRIMINAL LAW—HARMLESS ERROR.—The admission of incompetent testimony was harmless where accused admitted the truth of the fact as testified.

Appeal from Franklin Circuit Court, Ozark District; *James Cochran,* Judge; affirmed.

*W. B. Rhyne, W. H. Neal* and *C. M. Wofford,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock, Darden Moose* and *J. S. Abercrombie,* Assistants, for appellee.

SMITH, J. Appellant was indicted in the Crawford Circuit Court for selling intoxicating liquors, and, upon his petition, the venue was changed to the Ozark District of Franklin County. When the case was there called for trial, appellant moved to quash the transcript, as being incomplete and insufficient in the following particulars. The indictment, as copied in the transcript, was not num-

bered, nor were the names of the witnesses indorsed on the back thereof; and there was nothing in the transcript to show that appellant, or any of the witnesses, had been recognized to appear in the Ozark District of the Franklin Circuit Court.

The trial court overruled the motion to quash, and properly so. The original of the indictment may not have been numbered, but this would not have rendered it void. The failure to indorse the names of the witnesses on the indictment did not invalidate it. Appellant had the right to demand that the names of the witnesses be furnished him, and these names should have been indorsed on the original indictment, and should, of course, have been copied into the transcript as a part of the indictment. But this failure afforded no ground to quash the proceedings. *Cole* v. *State,* 156 Ark. 9; *Snow* v. *State,* 140 Ark. 7; *Thomas* v. *State,* 161 Ark. 644.

The statute (§ 3091, C. & M. Digest) provides that, when the order changing the venue is made, the defendant, if not in custody, shall, if the offense be bailable, enter into recognizance, with sufficient security, for his appearance in the court to which the cause is to be removed, on the first day of the next term thereof, and not depart such court without leave. This section has been held to be directory merely. *Beasley* v. *State,* 53 Ark. 67; *Havis* v. *State,* 62 Ark. 500. The statutory provision in regard to the recognizance of the witnesses is also directory.

It is insisted that the venue was not proved. The testimony was to the effect that appellant lived in Van Buren, and ran a restaurant and a cold drink stand in that city, and the sheriff and the chief of police testified that they raided appellant's restaurant, where, it is admitted, the drinks alleged to have been intoxicating were sold. We think this testimony supports the finding that the sales were made in Van Buren; and we judicially know that Van Buren is in Crawford County. *Hemmingway* v. *State,* 161 Ark. 139; *Bonner* v. *Jackson,* 158 Ark. 526; *Wells* v. *State,* 151 Ark. 221; *Guerin* v. *State,* 150 Ark. 295.

It is insisted that the testimony is not sufficient to support the verdict. It may be summarized as follows: F. O. Cole testified that he went into appellant's restaurant and ordered a drink. He did not specify what he wanted, nor did he ask its price. A hot drink, with a fiery taste, was served in a small glass, for which he paid fifty cents. He did not know that what he bought was whiskey, and did not buy it for whiskey. The evasive answers of the witness made it quite obvious that he was endeavoring to give as little information on the subject as possible, and he was ordered by the court to answer the questions asked. He was then asked if he had not testified before the grand jury that he had bought a drink of whiskey from appellant, and he answered that "it could have been that way."

He was asked: "Did you not state to the grand jury, and was it not written down and signed by you, that you and R. A. Hawkins were in there, and each bought a drink of whiskey?" The witness answered: "I meant to say each of us bought a drink." He was asked: "You said that is your statement?" and answered: "Yes sir." Witness was then shown the statement, and asked if it was his, and he answered that it was, and he was then asked if he had told the truth, and he answered that he had.

Upon his cross-examination he was asked: "Regardless of what you swore there (before the grand jury), can you tell this jury that it was not liquor?" and he answered, "It could have been, but I don't think it was."

He admitted that the statement which he had made to the grand jury was reduced to writing and was read to and signed by him.

A physician testified that he bought a drink from appellant, which tasted like "jake," and that "jake" is intoxicating. This witness was asked if he had not testified before the grand jury that he bought, in 1922, from appellant, a drink of whiskey. He admitted that he had so testified, and that the statement was true.

A witness, who had been chief of police, testified that he and the sheriff of the county raided appellant's restaurant, and that they saw appellant pouring some corn liquor in a sink in the rear of the restaurant.

The sheriff of the county testified about the raid, and stated that he saw appellant pouring some corn whiskey in the sink.

Appellant denied that he had sold any intoxicating liquors, and testified that the drink which he sold was called Irish malt, a quantity of which he kept on hand at all times for sale; and a chemist testified that he had made an analysis of a bottle of this malt, and that it contained no alcohol. He did not know whether the drink he analyzed was the same kind of liquor which appellant had sold Cole and the physician.

Dow McGehee was called by the State as a witness, and he testified that he was the clerk of the grand jury which returned the indictment against appellant, and he identified the minutes of the grand jury about which Cole had been asked, and he stated that he reduced the testimony of the different witnesses to writing, and that the statements were read to and signed by the witnesses, and that the statement of Cole had been read to and signed by Cole.

If the testimony of McGehee was inadmissible, we do not think that any prejudice resulted from its admission.

In *Davidson* v. *State*, 108 Ark. 191, a witness for the defendant was asked if he had not given certain testimony before the grand jury which was in conflict with the testimony he had just given at the trial, and he answered that he had, but that he was mistaken when he testified before the grand jury. Defendant's counsel asked the court to let this statement go to the jury for the purpose only of contradicting the witness, and not as substantive testimony of the facts related in the contradictory statement. The court overruled this request, and told the jury they might consider the testimony for all purposes. We held this ruling was erroneous, as the testimony was not admissible for any purpose except

to contradict the witness; but we also held that, while there was error, there was no prejudice, for the reason that the evidence at the trial was undisputed on that question.

It is not proper to admit, as substantive testimony at the trial, evidence heard before the grand jury. In other words, one cannot be convicted on evidence heard only by the grand jury, such evidence being admissible for the purpose only of contradicting the conflicting testimony given by the witness at the trial. *McElroy* v. *State,* 100 Ark. 344; *McElroy* v. *State,* 106 Ark. 131; *Davidson* v. *State,* 108 Ark. 191; *Carlton* v. *State,* 109 Ark. 516; *Derrick* v. *State,* 92 Ark. 237.

Here the testimony of McGehee was not prejudicial, because the witness Cole admitted the truth of all the facts about which McGehee testified.

The testimony is sufficient to support the verdict, and, as no error appears, the judgment must be affirmed.