LANE v. STATE.

Opinion delivered May 17, 1926.

1. CRIMINAL LAW—ADMISSION OF EVIDENCE—HARMLESS ERROR.—The error of admitting improper testimony was cured by instructing the jury not to regard such testimony for any purpose whatever.

2. WITNESSES—IMPEACHMENT—CONTRADICTORY STATEMENT.—On a charge of grand larceny alleged to have been committed in stealing certain bonds, where defendant testified as to what he did with the bonds, it was not error to permit the State, by way of impeachment, to cross-examine him as to an inconsistent statement made by him in a contempt proceeding growing out of the same transaction.

3. WITNESSES—IMPEACHMENT—COLLATERAL MATTER.—Where the prosecuting witness on cross-examination denied that he had been guilty of gambling on another occasion than the one in question, the defendant was bound by his answer and could not impeach him by evidence to the contrary.

4. CRIMINAL LAW—ADMONITORY INSTRUCTION.—It is proper for a trial court to admonish the jurors to give due regard and weight to the opinion of their fellows in an effort to reach a verdict.

Appeal from Greene Circuit Court, Second Division; *W. W. Bandy,* Judge; affirmed.

*T. H. Caraway* and *Gautney & Dudley,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, and *Block & Kirsch,* for appellee.

HUMPHREYS, J. This is an appeal by appellant from a conviction in the circuit court of Greene County for the crime of grand larceny, charged to have been committed by stealing United States Government bonds, the property of James Alexander, of the value of $20,000.

The following six alleged assignments of error are insisted upon by appellant for a reversal of the judgment:

"First. The court erred in permitting counsel for the State to cross-examine defendant as to the civil judgment in the case of *Alexander* v. *Lane*.

"Second. The court erred in permitting counsel for the State to cross-examine defendant as to the evidence concerning the preliminary trial of the defendant on the charge of perjury before Hayes, justice of the peace, and also concerning the evidence of other witnesses in that trial.

"Third. The court erred in permitting counsel for the State to cross-examine defendant as to the proceedings in the Greene Circuit Court in June, 1925, wherein defendant attempted to purge himself of a crime of civil contempt.

"Fourth. The court erred in permitting the counsel for State to browbeat the defendant while on the witness stand by entering into a dispute with him of the occurrences after the commission of the alleged offense.

"Fifth. The court erred in excluding the evidence of T. W. Davis, Charles Freeman, and Ed Landers.

"Sixth. The court erred in giving the instructions urging the jury to get together after the cause had been submitted."

(1). In two instructions, "A" and "B," the court called attention to the fact that testimony relative to the civil judgment against Mr. Lane in regard to the bonds had been introduced. He then instructed them not to regard that testimony for any purpose whatever, for the reason that it shed no light on the guilt or innocence of appellant. If any error was committed by the admission of this evidence, it was cured by these instructions. *Holt v. State*, 91 Ark. 576.

(2). We are unable to find any facts in the record justifying the contention that the prosecuting attorney was permitted to cross-examine appellant touching a charge of perjury against him before Hayes, the justice

of the peace.    It appears that the court not only excluded a question propounded by the prosecuting attorney to him relative to what a witness testified to concerning the bonds before the justice of the peace, but told the jury, in instruction "C," that the testimony had been ruled out, and not to consider it in reaching their decision as to the guilt or innocence of appellant.

(3).    Appellant's defense was that he won the bonds from James Alexander in a crap game.    He testified that on October 14, he took the bonds out of the State and placed them in the First National Bank at Cardwell, Missouri, and kept them there until a few days after his arrest; that, after his preliminary trial, he brought the bonds back to his father's farm and buried them, and that was the last he knew of them.    On cross-examination the prosecuting attorney asked him if he was not in jail a number of months for contempt, to which he answered, "Yes sir, about eleven."    The prosecuting attorney was then permitted, over the objection of appellant, to ask him if he did not swear in June, when attempting to purge himself of contempt, that he did not know what became of the bonds.    Appellant insists that reversible error was committed in requiring him to answer the question.    He answered in the affirmative.    The testimony was admitted as affecting the credibility of the witness, and we think properly so.    He had buried the bonds in November, and his failure to make an explanation of what had become of them was a circumstance for the jury to consider in determining what credit they would attach to his testimony.

(4).    We are unable to discover in the record where the prosecuting attorney browbeat appellant when examining him. At times the questions as well as the answers were somewhat heated, and at one time the court was compelled to admonish them against argumentation. Such incidents are common when witnesses are being pressed upon some point, and a judgment should not be reversed on account of them, unless it can be seen that the rights of the defendant were really prejudiced in some

way. We do not think the argumentation between counsel for State and the witness assumed proportions sufficient to prejudice the rights of appellant in any way.

(5). Appellant's counsel recalled James Alexander, the chief prosecuting witness, and asked him whether he had not gambled for money on a trip to the Shrine convention at Pine Bluff. He denied having done so. They then offered to prove by T. W. Davis, Charles Freeman, and Ed Landers that he had gambled on that occasion, under the theory that it was essential to their defense to show that James Alexander had gambled on some other occasion than when appellant claimed to have thrown dice with him for the bonds. Appellant was bound by the answers he elicited from James Alexander on cross-examination. *Lewis* v. *State,* 168 Ark. 590.

(6). The court gave an admonitory instruction to the jury in an effort to get them to agree, after they had retired and been out for a considerable length of time considering the case. This court has recognized the right of the trial court to urge a jury to reach a verdict, and, in doing so, to call their attention to the ills attendant upon a failure to agree. If the admonitory instruction accords the jury the right of voluntary action and the exercise of their own conscience in reaching the verdict, it cannot be said to be objectionable. The admonitory instruction in the instant case did not encroach upon these rights of the jury. It is perfectly proper for a trial court to admonish jurors to give due regard and weight to the opinion of their fellows in an effort to reach a verdict, and this advice by the trial court seems to be the chief objection urged against the admonitory instruction given in this case. *St. L. I. M. & S. R. Co.* v. *DeVaney,* 98 Ark. 83. In support of his contention that the court erred in his admonition to the jury, appellant has cited the case of *Simonson* v. *Lovewell,* 118 Ark. 81, which we do not think is in point. In that case the trial court virtually told the minority to yield to the views of the majority, which was an invasion of the jury's right to act voluntarily and according to their conscience.

No error appearing, the judgment is affirmed.