SMITH *v*. STATE.

4283                                    170 S. W. 2d 1001

Opinion delivered May 10, 1943.

*Guy E. Williams*, Attorney General, and *Earl N. Williams*, Assistant Attorney General, for appellee.

ROBINS, J. Appellant was indicted by the grand jury of Pulaski county on a charge of murder in the first degree for the killing of Damon Stubblefield on July 12, 1942, and from a conviction of voluntary manslaughter and sentence of confinement for two years in the state penitentiary he has appealed. No brief on behalf of appellant has been filed in this court.

In his motion for new trial appellant challenged the correctness of the judgment of the lower court on the following grounds:

1. That the verdict was contrary to the law and evidence.

2. That the court erred in refusing to permit appellant's witness, Elbert Boyd, to testify as to statements made to him by appellant at the time of the killing.

3. That the verdict of the jury was influenced by the court in certain statements made to the jury by the court after the jury had retired and had reported a disagreement.

4. That the court erred in denying appellant a right to challenge J. H. Dimmett as a juror for cause.

5. That the court erred in publicly thanking the grand jury for their courage in returning the indictment upon which appellant went to trial.

6. That the court should have granted a new trial to appellant on the ground of newly-discovered testimony.

These assignments of error will be considered in the order set forth above.

Stubblefield was killed on the highway in front of the Last Chance Tavern, located about twelve miles west of Little Rock, which was owned by appellant, but at the time was being operated for appellant by Tyler. Stubblefield, in company with his fiancee and her sister, a married woman, drove out to the tavern in an automobile. Not long after their arrival Stubblefield decided to go across the highway. Smith, who was not at the tavern when Stubblefield arrived, came up in a car about the time Stubblefield started across the road. Appellant testified that his attention was attracted by Stubblefield's boisterous conduct and by the fact that Stubblefield had apparently fallen down in the highway, and that he went to Stubblefield's assistance, whereupon Stubblefield attacked him with a knife, and that appellant then picked up an iron tire tool, which happened to be lying beside the road, and struck Stubblefield about the hands with this tire tool in an effort to defend himself. Appellant denied striking Stubblefield on the head. But witnesses on behalf of the state testified that at the time appellant began striking Stubblefield, Stubblefield was not armed and was not making any assault upon appellant. These witnesses stated that Stubblefield was standing by a mail box when appellant got out of the car in which he was riding. One of the state's witnesses testified that appellant reached over

in the car, took therefrom an iron tire tool, and advanced upon Stubblefield. Some of these witnesses testified that appellant struck Stubblefield from behind, and continued to beat him after he had fallen. Dr. Dishongh, the coroner who made an autopsy, testified that Stubblefield's death was caused by a blow on the head which fractured his skull; that the fracture went inside of the inner bone, and that there were multiple fractures on the inside of the skull; that "on the inside it was all cracked and bursted"; that there were several bruises over Stubblefield's shoulders and one big one on the posterior external portion on the right side; that the left eye was swollen and bruised. Giving to the testimony of the witnesses on behalf of the state the strongest probative force which it will resaonably bear, which we must do, we cannot say that the verdict of the jury was contrary to the evidence.

■ J. E. Boyd, a witness for appellant, testified that he arrived at the scene after the difficulty occurred; that when he came up Stubblefield was sitting on the pavement and appellant was standing back of him; that appellant did not have any weapon in his hand, and that witness did not see any knife, but that Stubblefield was bleeding. The court refused to permit Boyd to testify as to what appellant said to him. Appellant's attorney apprised the court that, if permitted to answer the question, this witness would testify that appellant told him that Stubblefield had tried to cut him and showed witness a cut place in his shirt. The court held that this testimony was inadmissible on the ground that it would be a self-serving declaration. The alleged statement of appellant was made after the difficulty had been concluded and was, therefore, not a part of the res gestae. The court did not err in refusing to admit this testimony. *Mallory* v. *State,* 141 Ark. 496, 217 S. W. 482; *Johnson* v. *State,* 179 Ark. 274, 15 S. W. 2d 405.

■ Sometime after the jurors retired to consider their verdict they returned into the court room and informed the court they had not reached a verdict, and that the jury stood nine to three. The court thereupon urgently admonished the jury to reach a verdict stating,

however, "it is not the policy of the court, in any event, to ask jurors to sacrifice their conscientious views in order to reach a verdict." The jurors, after this admonition, retired, but did not agree upon a verdict. They again returned into the court room and asked further instructions, and thereupon the court again defined to the jury the different degrees of homicide embraced in the indictment. The rule as to the right of the trial court to give an instruction of the kind complained of here was thus stated by Justice HUMPHREYS in the case of *Lane* v. *State*, 171 Ark. 180, 283 S. W. 353: "This court has recognized the right of the trial court to urge a jury to reach a verdict, and, in doing so, to call their attention to the ills attendant upon a failure to agree. If the admonitory instruction accords the jury the right of voluntary action and the exercise of their own conscience in reaching the verdict, it cannot be said to be objectionable." Tested by this rule, we do not find any error in the action of the lower court in urging that the jury agree upon a verdict if it could be done without the surrender of any juror's conscientious views; and the fact that following the giving of the instruction complained of the jury did not return a verdict until after it deliberated some time and requested and received additional instructions and then again deliberated shows that the verdict resulted from the considered judgment of the jurors rather than from any coercion on the part of the court.

■ J. H. Dimmett was summoned as a juror, and on his *voir dire* stated that he was a claims referee for the Workmen's Compensation Commission. Appellant's counsel thereupon challenged him for cause and the court denied the challenge. He was then peremptorily challenged by appellant. The lower court prorperly refused to hold that Mr. Dimmett was not eligible for jury service because of the position he held, as the statute does not make the holding of that position ground of ineligibility. Furthermore, no prejudice from the action of the court in this regard is shown, because it does not appear from the record that appellant exhausted his peremptory challenges. *Benton* v. *State*, 30 Ark. 328;

*Wright* v. *State,* 35 Ark. 639; *Mabry* v. *State,* 50 Ark. 492, 8 S. W. 823; *York* v. *State,* 91 Ark. 582, 121 S. W. 1070, 18 Ann. Cas. 344; *Holt* v. *State,* 91 Ark. 576, 121 S. W. 1072.

■ There was no proof that the trial court publicly thanked the grand jury for their courage in returning the indictment in this case. It is not shown that the jury which tried appellant had any information as to this alleged action of the judge, nor was there any attempt made to recuse the judge for bias toward appellant. We do not find anything in the record to sustain this assignment of error.

■ Appellant, in his motion for new trial, set up that, if granted a new trial, he could produce testimony of certain witnesses favorable to himself, of which he had not known at the time of the trial. These witnesses gave this testimony on the hearing of motion for new trial. We have examined their testimony carefully and do not find that any of it was so material to appellant's defense as to justify the granting of the motion for new trial on that ground.

No error appearing, the judgment of the lower court is affirmed.