FILTINGBERGER *v.* STATE.

4591                                      227 S. W. 2d 443

Opinion delivered February 27, 1950.

Rehearing denied March 27, 1950.

*Batchelor & Batchelor,* for appellant.

*Ike Murry,* Attorney General, and *Robert Downie,* Assistant Attorney General, for appellee.

ED. F. McFADDIN, Justice.   Appellant was convicted of the crime of bigamy (§ 41-801, Ark. Stats., 1947) and prosecutes this appeal. The motion for new trial con-

tains thirteen assignments which we group and discuss under topic headings.

1. *Insufficiency of the Evidence.* Viewing the evidence in the light most favorable to the State (as we do on appeals in criminal cases),[1] the testimony reflects that appellant was legally married to Geneva Adams Filtingberger at the time he married Jo Ann Layton in Crawford County, Arkansas, on April 9, 1949. Geneva Adams Filtingberger had a divorce action pending against the appellant in Chautauqua County, Kansas, but he knew that no divorce decree had been granted. It was not granted until May 24, 1949, so there is no doubt that the second marriage was contracted before the dissolution of the first.

Appellant's defense was, that at the time of the second marriage, he was suffering from a "temporary mental black-out," resulting from an injury sustained in 1942, and was therefore not criminally liable for his acts. The jury verdict disposed of the fact question involved in such defense; so we hold the evidence is sufficient to sustain the verdict.

II. *Alleged Errors in the Admission of Evidence.* The court admitted in evidence (a) a duly certified copy of the marriage license of appellant and Geneva Adams Filtingberger issued in 1943, and (b) a certified copy of the divorce decree of May 24, 1949, between the same parties. Appellant's objection was that the instruments did not identify him as the same Robert Filtingberger referred to in the documents. Tentative admission of the documents into the record was not prejudicial when followed by subsequent identifying testimony. Whatever doubt there might have been regarding the identity of the defendant was supplied by (1) the testimony of the former sheriff of Chautauqua County, Kansas, and (2) the defendant's own testimony. It was clearly shown —in fact practically admitted—that the person on trial was the same one referred to in the two instruments introduced in evidence.

---

[1] See cases collected in West's Arkansas Digest, Criminal Law, § 1144 (13).

III. *Urging the Jury to Reach a Verdict.* After the jury had deliberated for several hours and had been unable to reach a verdict, the court urged the jurors to make a further effort to decide the case. The remarks of the Court concluded in this language:

"No person is ever required to do violence to his conscience in deciding a lawsuit and reaching a verdict, but every juror is expected to fully deliberate and do all he can to come to a correct conclusion that is consistent with his conscience and sense of right."

The appellant objected to the language and action of the Court in urging the jury to reach a verdict. We find no error was committed in this matter. A careful study of the Court's language shows that it was well within the rules recognized by us in such cases as *Bell* v. *State,* 81 Ark. 16, 98 S. W. 705; *Benson* v. *State,* 149 Ark. 633, 233 S. W. 758; *Lane* v. *State,* 171 Ark. 180, 283 S. W. 353; and *Smith* v. *State,* 205 Ark. 833, 170 S. W. 2d 1001.

IV. *Suspended Sentence.* The jury returned this verdict:

"We, the Jury, find the defendant guilty of Bigamy and place his sentence three years in the State Penitentiary and recommend that the court suspend this sentence."

The trial court received the verdict but refused to suspend the sentence and appellant claims error, citing *Pendleton* v. *State,* 211 Ark. 1054, 204 S. W. 2d 559. The cited case does not support the claim. In the case at bar there was no instruction of any kind concerning a suspended sentence. The jury's verdict was the first mention of it. There was no "bargaining by the court for a verdict"; neither was there anything to indicate that the jury was misled or thought that its recommendation would be binding on the court. Section 43-2324, Ark. Stats., (1947), is the applicable statute regarding suspension of sentence.

V. *Other Assignments.* We have examined all the other assignments in the motion for new trial and find no error.

Affirmed.