### YOUNG v. STATE.

#### Opinion delivered June 12, 1911.

1. ASSAULT WITH INTENT TO KILL—SUFFICIENCY OF EVIDENCE.—A convic-
   tion of assault with intent to kill will be sustained where there was
   sufficient evidence to warrant a conviction of murder, had death
   ensued. (Page 410.)

2. SAME—SUFFICIENCY OF EVIDENCE.—Where defendant shot the prose-
   cuting witness in a moment of passion, no circumstances of mitiga-
   tion, justification or excuse appearing at the time, and no provocation
   which the law deems adequate, a conviction of assault with intent to
   kill will not be set aside. (Page 410.)

3. SAME—INSTRUCTION.—On an indictment for an assault with intent
   to kill "with a deadly weapon, towit, a rifle gun," it was not error to
   instruct the jury that they should find defendant guilty if they believed
   from the evidence that the defendant did unlawfully assault the prose-
   cuting witness " with a deadly weapon, towit, a rifle gun." (Page 411.)

4. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—Newly discovered evidence which is merely cumulative or impeaching in its nature is not sufficient ground for new trial. (Page 411.)

5. SAME—WHAT MOTION SHOULD STATE.—In a motion for new trial for newly discovered evidence the applicant should state the facts and circumstances under which this evidence came to his knowledge and why he had not discovered it sooner. (Page 412.)

6. APPEAL AND ERROR—REVERSAL IN MATTERS OF DISCRETION.—A ruling on a motion for new trial asked on the ground of newly discovered evidence will not be ground for reversal, in the absence of a clear abuse of discretion. (Page 412.)

Appeal from Columbia Circuit Court; *George W. Hays,* Judge; affirmed.

*A. S. Kilgore* and *Henry Stevens,* for appellant.

1. In assault with intent to kill, there is no presumption of malice. Where death does not result from the act, malice will not be presumed. 65 Ark. 410; 34 Ark. 280; 49 Ark. 159.

2. A new trial should have been granted on account of newly discovered evidence, the tendency of which was to show Lint Green's predetermination to do the acts which brought on the difficulty, with intent to shoot appellant or some one in the crowd. It cannot properly be classed as impeaching or cumulative evidence. 69 Ark. 546.

3. The first instruction was erroneous in the use of the unnecessary words "a deadly weapon," thereby diverting the minds of the jury from the essence of the crime intended to be charged, *i. e.,* the felonious intent to kill and murder.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

1. The verdict is in accordance with the law and the evidence. Had death ensued from the shooting, the jury might readily, from the testimony, have found him guilty of murder in the first or second degree. The testimony was ample to show an intent to take human life. 91 Ark. 503.

2. The first instruction closely follows the statute and the indictment under which appellant was convicted. It is not defective because of the use of the phrase "a deadly weapon."

3. The alleged newly discovered evidence was merely cumulative and impeaching in its nature. There was no error nor

abuse of discretion in overruling the motion for new trial based on that ground.   69 Ark. 545; 66 Ark. 523; 55 Ark. 324; 47 Ark. 196; 40 Ark. 445; 39 Ark. 221; 72 Ark. 404; 91 Ark. 492; 90 Ark. 435.   It is not sufficient that the motion should allege that the defendant did not know, and could not by reasonable diligence have known, of certain material evidence at the time of the trial, but it should show what the acts were which are denominated reasonable diligence, and the facts and circumstances under which the newly discovered evidence became known to him.   85 Ark. 179; 63 Ark. 643; 38 Ark. 498.

FRAUENTHAL, J.   The defendant, Barto Young, has appealed from a judgment convicting him of the crime of assault with intent to kill one Lint Green.   He urges that the judgment should be reversed for the following reasons:  First, because there was not sufficient evidence to sustain the verdict of the jury; second, because the court erred in one of the instructions given by it; and, third, because of newly discovered evidence.

The alleged assault occurred at the home of one of defendant's brothers, where a dinner had been given and a large number of colored people had gathered, amongst whom were the defendant and Lint Green.   The festivities continued during the afternoon and up into the night, and about 9 o'clock of said night the defendant shot said Green twice with a Winchester rifle, one of the shots passing through his body and lodging in the back, and the other taking effect in his arm.   A number of witnesses testified at the trial of the case, both on the part of the State and of the defendant, as to the cause and circumstances of the shooting, and there is sharp conflict in the testimony which was given by them.   The testimony on the part of the State, however, tended to prove that Green was standing on the gallery of the house, and, as one of the witnesses expressed it, was "playing or pranking with a colored girl named Mary Jane Gary.   He caught her by the arm, and either because she did not return his advances or for some other reason he slapped her, and then stepped off the gallery and walked to the gate, which was about twenty feet distant.   Defendant, who was also at the time on the gallery, at once got a Winchester rifle, which was in an adjoining room, and while standing on the gallery fired at Green, who was then at the gate, and cried out with an oath, "Get out of the way; I am

going to kill him." Green fell at the first shot, and defendant advanced further towards him, and shot him a second time, the ball entering the arm. He advanced further on Green with the rifle still in his hands, and Green then pulled his gun, and, while resting on his side, began shooting at the defendant, some of these shot taking effect on the defendant, who ran away.

There was testimony on the part of the defendant which tended to prove that Green fired the first shot, and that defendant returned the fire in self-defense; but this question of fact has been determined by the jury's verdict adversely to defendant's contention, and their finding as to this question of fact is conclusive upon appeal to this court.

It is urged by counsel for the defendant that the uncontroverted evidence shows that the assault by defendant was made in a sudden heat of passion caused by a provocation on the part of Green, and on this account it is earnestly urged that he should not have been convicted of the crime of assault with intent to kill, even if the assault was not justifiable. But we think that there was sufficient evidence adduced upon the trial of this case to have warranted a conviction of the defendant of murder if the death of Green had ensued from the assault; and therefore that there was sufficient evidence to warrant a conviction of assault with intent to kill, inasmuch as death did not result therefrom. The law will imply malice where there is a homicide with a deadly weapon, and no circumstances of mitigation, justification or excuse appear at the time of the killing; and proof of death under such circumstances will justify a conviction of murder in the second degree. Passion alone will not reduce the grade of the homicide. To reduce the grade of the offense, the passion must be induced by a provocation occurring at the time of the killing which the law deems adequate to make the passion irresistible. According to the testimony adduced on the part of the State in the trial of this case, Green had gone to the gate, and was making no demonstration towards any one, when the defendant advanced upon him with a gun and fired the first shot at him. After he had shot him down, defendant advanced further, crying out with an oath that he would kill him, and then, while Green was lying upon the ground, shot him a second time. This testimony, we think, was sufficient to show malice upon the part

of the defendant, and that there was no sufficient provocation at the time of the shooting to induce in him an irresistible passion. *Clardy* v. *State,* 96 Ark. 52; *Ferguson* v. *State,* 92 Ark. 120.

The court gave a number of instructions to the jury which fully and correctly presented the law which was applicable to every phase of this case. It is urged that one of the instructions, given at the request of the State, was erroneous. In this instruction the court in effect told the jury that if they believed from the evidence beyond a reasonable doubt that the defendant "did unlawfully, wilfully and feloniously and with malice aforethought make an assault upon one Lint Green with a deadly weapon, towit, a rifle gun, by then and there shooting him, the said Lint Green, with said gun, * * * with the felonious intent and with malice aforethought to kill and murder him," they should find the defendant guilty. It is claimed that it was unnecessary to use in this instruction the phrase "with a deadly weapon", and that the defendant was prejudiced thereby. It is not claimed that this instruction is erroneous in any other particular. If the instruction was complete and correct without the use of this phrase, we do not think that the defendant could have been prejudiced by the employment of these words. By this instruction the court imposed upon the State, not only the burden to prove every element necessary to constitute the crime of assault with intent to kill, but the additional burden of proving that the assault was made with a deadly weapon. The use of these words was not prejudicial for the further reason that the instrument with which the assault was claimed to have been made was alleged in the indictment to be "a deadly weapon, towit, a rifle gun," and the undisputed evidence shows that the defendant shot Green with a Winchester rifle, which is a deadly weapon.

It is contended that the defendant was entitled to a new trial on account of evidence of several witnesses newly discovered by him after the trial. This evidence was set forth in his application for a new trial, and it was of a nature either to impeach said Green or to contradict evidence given by him, or to sustain the testimony of witnesses of the defendant as to the circumstances of the shooting. The shooting occurred in the presence of a great number of people, many of whom testified upon the

trial of the case, both as to the cause and the circumstances thereof.

The case was fully developed by testimony adduced upon both sides at the trial, and this alleged newly discovered evidence could throw no further light upon the cause or circumstances of the shooting. Newly discovered evidence which is only cumulative, impeaching or contradictory in its nature is not a sufficient ground for a new trial. *Hudspeth* v. *State,* 55 Ark. 324; *Jones* v. *State,* 72 Ark. 404; *Douglas* v. *State,* 91 Ark. 492; *Osborne* v. *State,* 95 Ark. 310.

In the motion for a new trial defendant stated that he did not know at the time of the trial of the testimony of these witnesses which he claims to have newly discovered, but he does not state therein the facts and circumstances under which this alleged newly discovered evidence came to his knowledge or why he had not discovered it sooner. It was the duty of the defendant in his application for a new trial to have shown the facts so that from them the court could have determined that the testimony which he claimed was newly discovered could not have been discovered by him prior to the trial by the exercise of reasonable diligence. It has been repeatedly said by this court that a motion for new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial judge, and it is only in cases where this discretion has been clearly abused that this court will interfere therewith. We do not find that the court abused its discretion in refusing to grant the motion for new trial in this case on the ground of newly discovered evidence.

Upon an examination of the whole case we fail to find any prejudicial error in the trial thereof, and the judgment is accordingly affirmed.