## LOGI v. STATE.

### Opinion delivered May 1, 1922.

1.  INTOXICATING LIQUORS—EVIDENCE OF MANUFACTURING.—Proof of mere possession of "choc beer" is insufficient to warrant a conviction of manufacturing intoxicating liquors where there was evidence that the beer had been bought of another.

2. INTOXICATING LIQUORS.—Proof of possession of a small quantity of hops and yeast was not sufficient to warrant a conviction of manufacturing intoxicating liquor where the testimony showed that they might have been procured for making bread.

3. INTOXICATING LIQUORS—"MALT LIQUOR" DEFINED.—"Malt liquor" is defined as a general term for an alcoholic beverage produced merely by the fermentation of malt, as opposed to those obtained by a distillation of malt or mash.

4. INTOXICATING LIQUORS—BURDEN OF PROOF.—The burden of proof is on the State in a prosecution for manufacturing intoxicating liquors.

5. CRIMINAL LAW—WEIGHT OF CIRCUMSTANTIAL EVIDENCE.—Where circumstantial evidence alone is relied upon to establish the guilt of one charged with crime, such evidence must exclude every other reasonable hypothesis than that of the guilt of the accused.

6. CRIMINAL LAW—SUFFICIENCY OF EVIDENCE.—A conviction resting upon evidence which fails to come up to the standard prescribed by law is contrary to law, and it is the duty of the court to set aside the verdict.

Appeal from Sebastian Circuit Court, Greenwood District; *John Brizzolara,* Judge; reversed.

*Holland & Holland,* for appellant.

*J. S. Utley, Attorney General; Elbert Godwin and W. T. Hammock,* Assistants, for appellee.

HART, J.   Antone Logi was indicted for the crime of manufacturing alcoholic, vinous, malt, spirituous or fermented liquors contrary to the provisions of sec. 6160 of Crawford & Moses' Digest.   From the judgment of conviction he has duly prosecuted an appeal to this court.

It is earnestly insisted by counsel for appellant that the evidence is not sufficient to warrant the verdict, and we think that in this contention counsel are correct.

The chief witness for the State was John T. Tisdale, a prohibition enforcement officer. According to his testimony, he searched the dwelling house of appellant for intoxicating liquors in May, 1921. There was a cellar in the yard with a chicken coop over the top of it. Two barrels of "choc beer" were found in the cellar or hole in the ground. One of the barrels was nearly full, and

the other was about two-thirds full.  They had pipes running from them to a cellar under the house.  Both barrels were filled with a liquor called "choc beer," and it is intoxicating.  The officer also found one carton containing four yeast cakes and a full carton containing six cakes.  They were labeled "Yeast Foam" and were such as you buy out of a store.  The officer also found two packages of hops and some sugar.  He said that "choc beer" would ordinarily ferment in four days unless the weather was very cold.  If it is exposed to air it will soon deteriorate, but if kept air-tight it would remain in kegs for fifteen or twenty days or perhaps ninety days.  The "choc beer" in question appeared to have been covered up in the hole or cellar for about three weeks. The barrels had sacks over them and boards over the sacks.  Then there was a piece of tin roofing over the boards and a chicken coop was set over it.

According to the testimony of appellant, he had bought the "choc beer" from John Loraine for his own use and had placed it in his cellar to preserve it.  He had never engaged in the manufacture of any kind of intoxicating liquors and had never been interested therein. John Loraine hung himself a short time after he sold appellant the "choc beer."

Another witness, who was disinterested, testified that he saw John Loraine bring the two barrels of "choc beer" to the home of appellent and leave them.

The fourteen-year-old daughter of appellant was also a witness for him.  According to her testimony the yeast cakes were used to make bread by her mother.  There were also two little bunches of hops there, and her mother used them to make yeast.

The court correctly told the jury that the mere possession of the "choc beer" by appellant was not sufficient to convict him of manufacturing malt or intoxicating liquor.

It is insisted, however, that the possession of the hops and the yeast was sufficient to warrant the jury in finding him guilty.

Malt liquor is defined as a general term for an alcoholic beverage produced merely by the fermentation of malt, as opposed to those obtained by a distillation of malt or mash. *Sarlls* v. *United States,* 152 U. S. 570.

It will be noted that only a small amount of hops and yeast cakes were found at the home of appellant and these were only in such quantities as would naturally be used by a housewife in cooking. It is true that yeast is used to produce the fermentation of malt, but it was not shown that appellant had on hand any malt, mash or anything of the sort that might have been used in making choc beer.

It was also shown that the officer found some sugar at the house, but the quantity is not stated, and the finding of some sugar there is nothing more than would happen at any home. While the yeast and the hops could be used to ferment malt, nevertheless the yeast could be used for making bread and the hops for making yeast. The quantity found at appellant's house did not indicate that it was being used to make "choc beer" or other malt liquor.

It is suggested that the reason no quantity of malt, mash or any kind of grain that might have been used in making "choc beer" was not found at appellant's house was because he had used it up in making the "choc beer." If appellant had fermented the "choc beer" in the barrels in which it was found, the malt or grain would have settled in the barrels and have been found there. If appellant had manufactured malt liquors in other vessels, such vessels would have likely been found around his place and there would have been the grounds or residue of the grain which had been used in making the malt liquor. A search of the premises was made by the officer and none of these ingredients was found.

As we have already seen the possession of the "choc beer" itself was not sufficient to convict appellant of making it. It was not shown that appellant had purchased or had on hand any quantity of malt, hops, or yeast. To say that he had them on hand and had used

them in making "choc beer" would be merely a surmise. Considering the small quantity of yeast and hops found at appellant's house it is more likely that they were used in cooking than in making "choc beer." Anyway it would be a matter of conjecture to say that they were used in the manufacture of "choc beer." The burden of proof was on the State to establish that appellant had manufactured "choc beer," which is a malt liquor, contrary to the provisions of our statute, and having failed to meet this requirement of the law, a verdict of guilty can not be upheld on conjecture merely.

Where circumstantial evidence alone is relied upon to establish the guilt of one charged with crime, such evidence must exclude every other reasonable hypothesis than that of the guilt of the accused. *Lowry* v. *State,* 135 Ark. 159, and *Green* v. *State,* 38 Ark. 304. A conviction resting upon evidence which fails to come up to the standard prescribed by law is contrary to law, and it is the duty of the court to set aside the verdict.

It follows that, the evidence not being legally sufficient to support the verdict, the judgment must be reversed, and the cause will be remanded for a new trial.