COLE *v*. STATE.

Opinion delivered November 20, 1922.

1. PROSTITUTION—SUFFICIENCY OF INDICTMENT.—An indictment which charges defendant with receiving money, without consideration, "from the earnings of Dollie Cross as a prostitute, and who was then and there engaged in prostitution," *held* a sufficient designation of Dollie Cross as a woman engaged in prostitution.

2. CRIMINAL LAW—ACCOMPLICE—INSTRUCTION.—In a prosecution under Acts 1913, p. 407, for receiving, without consideration, money from a woman engaged in prostitution, it was not error to refuse to charge that the woman prostitute was an accomplice.

3. PROSTITUTION—REPUTATION OF HOTEL.—In a prosecution of a hotel keeper for receiving earnings of a prostitute rooming at the hotel, testimony showing the reputation of the hotel was admissible.

4. CRIMINAL LAW—PROSTITUTION—EVIDENCE.—In a prosecution of a hotel keeper for receiving, without consideration, the earnings of a prostitute, where the woman from whom defendant was alleged to have received money testified that she met men at defendant's hotel for immoral purposes by appointments made by defendant, which defendant denied, evidence of other witnesses as to similar transactions at defendant's hotel about the same time was competent.

5. PROSTITUTION—EVIDENCE.—Where, in a prosecution of a hotel keeper for receiving earnings of a prostitute, witnesses stated that defendant's porter was a go-between and cognizant of the

arrangement under which they were operating and acted for defendant in conducting men to them, evidence of a witness that at one time he had intercourse with a girl at the hotel but paid the porter for the use of the room, was properly admitted, although the witness testified that defendant was not present, and that he had no conversation with defendant when he used the room.

6. CRIMINAL LAW—INDORSEMENT OF WITNESSES' NAMES ON INDICTMENT.—Crawford & Moses' Dig., § 3010, providing that when an indictment is found the names of the witnesses examined must be written on the indictment, is directory, and the failure to so indorse names of witnesses was not reversible error, where there was no showing of prejudice, and their testimony was merely cumulative.

7. CRIMINAL LAW—LIMITING NUMBER OF CHARACTER WITNESSES.—In a prosecution of a hotel keeper for receiving the earnings of a prostitute, where 15 witnesses had testified as to the good reputation of defendant's hotel, refusing defendant the right to call 10 additional witnesses to prove the same fact was not error.

8. PROSTITUTION—INSTRUCTION.—In a prosecution of a hotel keeper for receiving the earnings of a prostitute, where defendant denied having any interest in the prostitute's earnings or knowledge of the use she was making of the hotel, and her testimony was that she paid defendant for making the date with the man, it was not error to refuse defendant's request for an instruction that if he furnished shelter, room, linen, etc., these would be a consideration, even though he accepted a portion of her earnings.

9. CRIMINAL LAW—NEWLY DISCOVERED EVIDENCE—DILIGENCE.—In a prosecution for receiving earnings of a prostitute it was not an abuse of discretion to refuse a new trial for newly discovered evidence of prostitutes employed about defendant's hotel where the court found that defendant failed to show due diligence in procuring such testimony.

Appeal from Greene Circuit Court, Second Division; *R. E. L. Johnson,* Judge; affirmed.

*M. P. Huddleston,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *Wm T. Hammock,* Assistants, for appellee.

SMITH, J. Appellant was tried and convicted under an indictment reading as follows: "In the county aforesaid, on the 1st day of April, 1922, the said Elmer Cole did unlawfully, knowingly and feloniously accept and receive $25 in gold, silver and paper money, lawful money

of the United States, of the value of $25, without consideration, from the proceeds of the earnings of Dollie Cross as a prostitute, and who was then and there engaged in prostitution, against the peace and dignity," etc.

There was a demurrer to the indictment, and a motion was filed in arrest of judgment, the basis of each pleading being that the facts stated in the indictment do not constitute a public offense. The alleged defect in the indictment is that it does not charge that the alleged prostitute was a female.

Appellant ran a hotel in the city of Paragould, and Dollie Cross was employed ostensibly as a chambermaid, and, according to her testimony, she performed some duties in that respect, but she also testified that her real occupation and principal source of income was to meet men in the hotel for immoral purposes, and that she had a contract with appellant under which he sent men to her room in the hotel for that purpose, and that she paid appellant fifty cents for each man so sent.

It is insisted that the testimony of the witness Dollie Cross, if true, makes her an accomplice, and that the court erred in not so instructing the jury, and in refusing to submit to the jury the question whether or not her testimony made her an accomplice.

Over appellant's objection the court admitted testimony showing that appellant's hotel had the reputation of housing women of bad morals, and Martha Wilson and Ira Polsten, two women, were permitted, over appellant's objection, to testify that defendant had employed each of them under contracts similar to the one testified about by the witness Dollie Cross.

Over appellant's objection a witness named McClain was permitted to testify that on one occasion he had intercourse with a girl, not Dollie Cross, at this hotel, but he paid the porter for the use of the room, and did not at any time see appellant or have any conversation with him on the subject.

Witnesses Smith, Wallace and Clark were called by the State and permitted to testify, although their names did not appear upon the indictment, nor upon the list of witnesses furnished by the State to appellant. Before the commencement of the trial appellant had made a motion that he be furnished a list of the witnesses examined before the grand jury, and the motion was sustained by the court, and a list of all the witnesses was furnished appellant, except the three stated.

Defendant subpoenaed twenty-five witnesses who had been patrons of the hotel, and fifteen of them testified that they had been accustomed to stopping at appellant's hotel for a long period of time, and that they never observed any indecent conduct about the premises, and that they had never been solicited by appellant, or any of his employees, for engagements with women working at the hotel, and that said hotel was conducted quietly and orderly. After these fifteen witnesses had testified as stated, appellant offered to call the ten other witnesses to testify to the same effect. The court declined to permit these witnesses to be called, but directed appellant to dictate into the record in the presence of the jury the substance of the testimony of the ten witnesses.

Exceptions were also saved to the action of the court in giving and in refusing certain instructions, and in refusing to grant a new trial on account of newly discovered evidence.

The indictment in this case was based upon section 2705, C. &. M. Digest, which reads as follows:

"Any person who shall knowingly accept, receive, levy or appropriate any money or other valuable thing, without consideration, from the proceeds of the earnings of any woman engaged in prostitution, shall be deemed guilty of a felony, and on conviction thereof shall be punished by imprisonment for a period of not less than two or more than ten years. Any such levy, receipt, acceptance or appropriation of such money or valuable thing shall, upon any proceeding or trial for violation of

this section, be presumptive evidence. of lack of consideration.''

We think the indictment sufficiently charges a violation of the statute quoted. It is true there is no express allegation that Dollie Cross is a woman, but the indictment does describe her as a prostitute and alleges she was engaged in prostitution.

The word prostitute may be a verb, an adjective, or a noun, but it is used in the indictment as a noun, and, when used as a noun, its principal definition is "a woman given to indiscriminate lewdness; a strumpet; a harlot." Webster's New International Dictionary. It is true that the noun is also defined by the same authority as "a base hireling; a mercenary man or woman."

The word prostitute may therefore mean "a base hireling; a mercenary man or woman," but the indictment not only charges that Dollie Cross was a prostitute, but it also charges that she was engaged in prostitution, the dictionary meaning of which word is an "act or practice of prostituting the body; common lewdness of a woman."

"Act of setting one's self to sale, or of devoting to base or unworthy purposes what is in one's power, as, the *prostitution* of abilities; *prostitution* of the press." Webster's New International Dictionary.

The section of the statute quoted above is section 3 of act 105 of the Acts of 1913 (Acts 1913, p. 407), commonly called the pandering act, and a reading of this section 3 in connection with the other sections of the act makes it plain that the word "prostitute," as employed throughout the act, is itself a designation of a female person. For instance, section 1 of the act makes it unlawful for any one to procure a female inmate for a house of prostitution, or to induce a female to become a prostitute, etc. Other portions of the statute, which need not be quoted, treat the word "prostitute" as designating a female, and the word "prostitution" as meaning common lewdness of a woman.

We conclude therefore that the allegations that Dollie Cross was a prostitute, engaged in prostitution, sufficiently designates her as a female within the meaning of the statute.

We think the court properly refused to charge the jury that Dollie Cross was an accomplice, or to submit that issue to the jury. The penalty of the statute quoted is directed against the person who knowingly accepts a valuable thing, without consideration, from the proceeds of the earnings of any woman engaged in prostitution. The thing made unlawful is not the illicit intercourse in which the female participates, but the acceptance of money thus earned without consideration. The act is directed against the person, whether man or woman, who, without consideration, accepts the earnings of a woman engaged in prostitution; but the illicit intercourse itself is not made unlawful by the statute. The prostitute shares in the shame and infamy of the transaction, but not in its unlawfulness, for, as we have said, it is not the act of immoral sexual intercourse that is made unlawful, but the acceptance, without consideration, of a portion of the proceeds thus earned.

In the case of *Melton* v. *State,* 43 Ark. 371, it was said: ''But we incline to the opinion that Lawrence was not, in the eye of the law, an accomplice in the murder. The guilt of an accomplice must be legal guilt, not merely a participation reprehensible in morals. 1 Bish. Cr. Pro. 3rd ed. sec. 1159. No indictment could have been sustained against him for the murder of Hale.''

So, here, the guilt of Dollie Cross was moral, and not legal, for she could not be indicted for her participation in the felony charged in the indictment. 1 R. C. L. 3157; 16 C. J. 671; *Hillian* v. *State,* 50 Ark. 526; *Gaston* v. *State,* 95 Ark. 233; *Wilson* v. *State,* 124 Ark. 477.

We think the testimony showing the reputation of appellant's hotel was admissible, as was also the testimony of Martha Wilson, Ira Polsten, and Mr. McClain. Dollie Cross testified that she met men in appellant's

hotel for immoral purposes, pursuant to apointments made for her by appellant and his porter. Appellant denied this, and he denied accepting any of Dollie Cross' ill-gotten gains, and he undertook to show that his hotel had the reputation of being a decent place.

All these witnesses testified to transactions occurring in the hotel about the time Dollie Cross was an inmate thereof, and this testimony was competent therefore to show the uses which appellant was making of his hotel; that he was in fact using it for pandering purposes, and tends to corroborate the testimony of Dollie Cross that she so used it. *Parks* v. *State,* 136 Ark. 562; *Monk* v. *State,* 130 Ark. 358; *Casteel* v. *State,* 151 Ark. 69; *Cain* v. *State,* 149 Ark. 233; *Lowery* v. *State,* 135 Ark. 159; *Wald* v. *State,* 136 Ark. 372; *Sneed* v. *State,* 143 Ark. 178.

It is true witness McClain testified appellant did not appear on the scene, and he had no conversation with appellant when he used the room, and the charge paid by him for the use of the room was paid to the porter; but all the women testified the porter was a go-between and was fully cognizant of the arrangement under which they were operating, and acted for appellant in conducting men to them.

Section 3010, C. & M. Digest, provides that when an indictment is found the names of all witnesses who are examined must be written at the foot of or on the indictment, and this court, in the case of *Snow* v. *State,* 140 Ark. 9, held that the trial court should, on the application of the accused, require the prosecuting attorney to endorse the names of the witnesses on the indictment or furnish a list of the witnesses to the accused. The accused here made this application, and the court gave directions to the prosecuting attorney to furnish a list of witnesses used before the grand jury, and that officer apparently complied with the court's order. There is no showing that either of the three witnesses whose names were not furnished appellant were before the grand jury, but the statute is directory, and there was no attempt to

show any prejudice resulting to appellant from the omission to furnish him the names of these three witnesses, even though they may have in fact been examined by the grand jury. Their testimony was cumulative to other testimony.

We think no error was committed in refusing appellant the right to call the ten witnesses to prove the good reputation of his hotel, after the fifteen other witnesses had testified in his behalf on that subject. The testimony of the ten was admittedly cumulative to that of the fifteen, and the court permitted appellant's attorney to dictate into the record, in the presence of the jury, a statement of what the ten witnesses would testify. The court below has a discretion in limiting the number of witnesses who are offered to prove an issue like that of reputation, and when fifteen have been allowed to testify on that subject we think it was not an abuse of the court's discretion to refuse to permit additional cumulative testimony to be offered. *Sheppard* v. *State,* 120 Ark. 160.

Appellant requested instructions to the effect that, if the jury found he had furnished shelter, room, accommodations, service, attendance, linen, sheets, towels, etc., these things would be a consideration, even though the jury found he had accepted portions of Dollie Cross' earnings. We think, however, this contention is answered by the statement of the Attorney General that the instruction, if correct, would have been abstract, as appellant did not testify that he agreed to furnish any of the things mentioned. On the contrary, he denied having any interest whatever in Dollie Cross' earnings, or any knowledge of the use she was making of the hotel, and her testimony was that the fifty cents which she paid in each instance to appellant, or to the porter for him, was for the service in making the date with the man.

The court heard the testimony of a number of witnesses on the motion for a new trial on the ground of newly discovered evidence, and overruled the motion on the ground that appellant had not shown proper dili-

gence in procuring the attendance of the witnesses who would have given this newly discovered testimony. These witnesses were two prostitutes who had been employed about appellant's hotel, and the court found the fact to be that appellant might have seen these witnesses and have ascertained any facts known by them before the trial. Without setting out the testimony heard by the court on the hearing of the motion for a new trial on account of newly-discovered evidence, we announce our conclusion to be that no abuse of the court's discretion in this respect was ·shown. *Young* v. *State,* 99 Ark. 407; *Ward* v. *State,* 85 Ark. 179; *Cravens* v. *State,* 95 Ark. 321; *Osborne* v. *State,* 96 Ark. 400.

No error appearing, the judgment is affirmed.