## COOK *v.* STATE.

### Opinion delivered April 18, 1927.

1. INTOXICATING LIQUORS—MAKING MASH—SUFFICIENCY OF EVIDENCE.—In a prosecution for making mash suitable for distillation of alcoholic liquors, evidence showing probability that defendant was guilty *held* insufficient to sustain conviction.

2. CRIMINAL LAW—WEIGHT AND SUFFICIENCY OF EVIDENCE.—In order to sustain a conviction, the fact that there is a high degree of probability that defendant is guilty is insufficient, but his guilt must be established by substantial evidence to the exclusion of a reasonable doubt.

Appeal from White Circuit Court; *W. A. Davenport,* Judge; reversed.

*Mehaffy & Miller* and *Culbert L. Pearce,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

SMITH, J. Appellant was indicted for making mash suitable for the distillation of alcoholic liquors, was convicted, and has appealed. For the reversal of the judgment, it is insisted that the testimony is not legally sufficient to support the verdict, and we have concluded that this assignment of error is well taken.

The testimony, stated in the light most favorable to the State, is as follows: Witnesses Cowan, Smith and

Ray searched appellant's premises, and they found a barrel buried in the ground behind a log. The barrel was covered with a tow-sack and some leaves, and was about two-thirds full of a mash, which was fermenting. Near by were some rocks, with ashes between them. Neither a still nor any part thereof nor any whiskey or other intoxicating liquor was found. The top of appellant's house could be seen from the place where the barrel was found. The barrel was about 200 or 250 yards from appellant's house, and, nearer still to appellant's residence, a hole was found, into which mash had been poured, and a metal barrel was found on appellant's premises, under which a fire had been built, as was evidenced by the fact that the barrel was smoked. The witnesses testified that the mash appeared to have been made of sour meal and shorts, and there was foam over the top of it, but none of the witnesses knew whether the mash was fit for the distillation of alcoholic spirits.

The barrel was not in appellant's inclosure, but was found in his woodland, about 75 yards from his fence. There was no path to the barrel, but, just above where the barrel was found, there was a path leading to the house from the creek farm. The farm was on a creek. The barrel was not on the creek, but on a hillside towards the house. The home of a Mr. Palvin was about the same distance from the barrel as that of appellant, and that of a Mr. Jackson somewhat farther away.

From this testimony it is very probable that appellant made the mash, and that it was fit for the distillation of alcoholic spirits, although no witness stated as a fact that it was fit for that purpose. Appellant was not seen at the barrel, or in possession of it, and no liquor was found on his premises. No still was found, or instrumentality which could have been employed in making liquor, except the smoked barrel. The barrel of mash was on appellant's land, but was not within his inclosure, and was as near the home of Palvin as it was to that of appellant.

We think therefore that, while there is a high degree of probability that appellant was guilty, there is nothing more, and this is not sufficient.

In the case of *Hogan* v. *State,* 170 Ark. 1143, 282 S. W. 984, we reversed the judgment of conviction because of the insufficiency of the testimony, and, in doing so, said: "It devolves upon the State to establish his guilt by legal testimony of a substantive character, and matters of conjecture merely are not sufficient for that purpose."

The judgment in the case of *Reed* v. *State,* 97 Ark. 156, 133 S. W. 604, was reversed on the ground of the insufficiency of the testimony, and in the opinion it was said: "There may be in this testimony some evidence of suspicion against defendants, but, at the most, it is a circumstance of bare suspicion. But mere circumstances of suspicion are not sufficient upon which to base the conviction for a crime, which must be established by substantial evidence to the exclusion of a reasonable doubt." See also *Jones* v. *State,* 85 Ark. 360, 108 S. W. 223; *France* v. *State,* 68 Ark. 529, 60 S. W. 236.

We think the testimony set out does not measure up to this standard, and the judgment will therefore be reversed, and the cause remanded.

HUMPHREYS, J., dissents.