## O'NEAL v. STATE.

Opinion delivered April 1, 1929.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

MEHAFFY, J. The appellant was convicted of the crime of grand larceny and sentenced to one year in the penitentiary, and prosecutes this appeal to reverse said judgment.

Appellant has filed no brief, but in his motion for a new trial he alleges that the verdict and judgment is contrary to the law and that the verdict and judgment is contrary to the evidence. He also alleges that the court erred in giving instructions Nos. 1 to 8, inclusive.

1154

The evidence on the part of the State showed that about 1,000 pounds of cotton of the value of $67, was taken from the shed of John Haines and witnesses testified that cotton was dropped along showing that it had been carried south across the pasture to the schoolhouse; that a wagon had been at that place and that there was a team of mules shod in front with new shoes. Witnesses measured the tracks and followed the tracks, tracking a wagon and mules up to where the appellant lived. They measured the tracks of mules when they got to appellant's place and the measurements were the same; that the mules they found in the lot there were shod in front, and there was evidence that they had been recently used, and that the sweat had not dried off the harness. They followed the tracks of the mules and wagon from the place where the cotton was taken to appellant's place, and a number of witnesses testified that the tracks were the same, and that no other wagon had gone along there.

The appellant denied being at the place and denied taking the cotton, and introduced witnesses that corroborated his testimony in part.

The testimony was entirely circumstantial but, if believed it was sufficient to justify the jury in finding the appellant guilty.

"The jury are the judges of the credibility of the witnesses and the weight to be given to their testimony. Therefore, in determining whether the evidence is sufficient to support the verdict, this court must consider the evidence in the light most favorable to the State, and, when this is done, it cannot be said that the evidence did not warrant the jury in returning the verdict of guilty." Bowlin v. State, 175 Ark. 1047, 1 S. W. (2d) 546; Yeager v. State, 176 Ark. 725, 3 S. W. (2d) 977.

Where circumstantial evidence alone is relied upon to establish the guilt of one charged with crime, such evidence must exclude every other reasonable hypothesis than the guilt of the accused. The State in this case relied on circumstantial evidence and must be governed by this rule. But the court in its instructions in this case, told

the jury that where the State relied on circumstances to establish the guilt of the defendant, the circumstances must be consistent with the defendant's guilt and inconsistent with his innocence, and they must be so connected as to exclude every reasonable hypothesis of the defendant's innocence. See *Logi* v. *State,* 153 Ark. 317, 240 S. W. 400; *Withem* v. *State,* 175 Ark. 453, 299 S. W. 739; *Sluder* v. *State,* 162 Ark. 212, 258 S. W. 123.

This court has many times held that the credibility of witnesses and the weight to be given to their testimony are questions for the jury. There was ample evidence to sustain the verdict and we have carefully considered the instructions given by the court and find no error in said instructions. The charge of the court properly directed the jury, and their verdict on facts will not be disturbed.

The judgment of the circuit court is affirmed.