## BOURNE *v.* STATE.

### Crim. 3976

Opinion delivered March 9, 1936.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

McHANEY, J. Appellant was convicted of the crime of grand larceny and sentenced to one year in the State penitentiary. He has appealed to this court, but has not favored us with a brief in his behalf.

In his motion for a new trial he assigns eleven errors of the trial court. The first three are that the verdict is contrary to the law, the evidence, and both the law and the evidence. These raise the sufficiency of the evidence which we have carefully examined and find it both ample and substantial. We think it unnecessary to detail it. Another assignment is that the court erred in permitting the witness, Lindell Johnson, to testify that appellant's co-defendant admitted that he and appellant committed the larceny, and that the latter divided the spoils with him. But the record does not disclose that appellant made any objection to the question that elicited such testimony and no exception taken. Other assignments relate to the admission and exclusion of evidence which we have examined and find them without merit.

Assignment No. 10 challenges the correctness of instruction No. 2, given at the request of the State, relating to the defense of an alibi. A comparison of this instruction with the one approved by this court on the same subject in *Ware* v. *State*, 59 Ark. 379, 27 S. W. 485, will show that it is almost a verbatim copy of the latter. So, on this point, *Ware* v. *State, supra,* is decisive of this contrary to appellant's contentions.

The jury returned this verdict: "We, the jury, find the defendant guilty and fix the penalty at one year." It is assigned as a ground for new trial that this verdict is so vague and uncertain that the court could not determine whether the jury meant to convict of grand or petit larceny, and could not assess a just punishment. What we said in the recent case of *Caruthers and Clayton* v. *State,* 191 Ark. 1070, 89 S. W. (2d) 732, applies here. See also cases cited there.

A supplemental motion for a new trial, on the ground of newly-discovered evidence, was filed and overruled. Such a motion addresses itself to the sound legal discretion of the trial court, and this court will not reverse except where an abuse of such discretion is shown or an

apparent injustice has been done. *Ward* v. *State,* 85 Ark. 179, 107 S. W. 677; *Young* v. *State,* 99 Ark. 407, 138 S. W. 475; *Cole* v. *State,* 156 Ark. 9, 245 S. W. 303. No abuse of discretion is shown.

The judgment is affirmed.