O'NEAL v. STATE.

4231 154 S. W. 2d 822

Opinion delivered October 20, 1941.

*E. M. Ditmon,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

SMITH, J. Appellant was charged with the crime of murder in the first degree, in an information filed against him by the prosecuting attorney, and upon his trial was found guilty of murder in the second degree, and given a sentence of 21 years in the penitentiary, from which judgment is this appeal.

The motion for a new trial contains only the following assignments of error: (a) That the verdict is contrary to the law and the evidence; (b) that witnesses Madge Harris and Buddy, her son, gave perjured testimony; and (c) that a new trial should have been granted on the ground of newly discovered evidence.

Testimony was offered on behalf of the state to the effect that appellant ran a rooming-house, and a young woman, who was called Ruby King, was one of his roomers. Joe Stevens, the person killed, was seen prowling in the rear of appellant's place between 10 and 10:30 p. m. Ruby thought the man was trying to break into her room, which was a rear or back room. She ran and told appellant, who investigated, and found Stevens back of the building. Stevens was ordered to leave, but refused to go, whereupon he and appellant began fighting. During the course of the fight Stevens cut appellant with a knife, and appellant broke a baseball bat over Stevens' head.

Proof of uncommunicated threats by Stevens was made to the effect that he would return and clean up the place, and that something more than a club would be necessary to stop him. Stevens returned a week after the first encounter, and again at night. He was drinking, if not drunk. When Stevens entered the apartment, he said to appellant: "Big boy, I have come to show you my license and prove to you that is my wife in the back room." Appellant refused to examine the

paper, and told Stevens the woman had checked out and was no longer at his place. Stevens said that was all right, and proposed to shake hands with appellant, who said, "You have come here for trouble." Stevens denied this was his purpose, when appellant collared him and shoved him into the hall, where he struck Stevens with the bat, and as Stevens staggered and was shoved to the porch appellant struck again and knocked Stevens to his knees. A witness testified that after Stevens fell to the floor appellant continued beating him, striking him five or six times. Appellant admitted striking Stevens twice, but did not think he had hit him more than twice. A photograph taken of Stevens after his death shows that he was almost scalped, and the doctor who performed an autopsy said the indications were that Stevens had been struck on the head six or eight times.

This testimony is sufficient to sustain the finding that if appellant did not kill Stevens after premeditation, he had done so with malice, and a malicious killing constitutes murder in the second degree, although it was not premeditated.

The truth of the testimony given by Mrs. Harris and her son was, of course, a question for the jury. The testimony of these two witnesses does not appear to be substantially different from that of other witnesses in the case, nor to be more damaging.

The motion for a new trial on account of newly-discovered evidence presents the proposition that the testimony of these two witnesses was different from their testimony given at the coroner's inquest. The testimony given at the inquest appears to have been taken stenographically and transcribed and filed with the papers in the case, and apparently was as accessible before the trial and judgment from which is this appeal as it was afterwards. Surprise was not pleaded, and no diligence was shown in the discovery of this testimony. There was no affidavit showing any diligence or that the testimony was newly discovered. *Buschow Lumber Co.* v. *Ellis,* 194 Ark. 104, 105 S. W. 2d 531. Moreover, we have compared the testimony of these witnesses

given at the inquest with that given at the trial from which is this appeal, and we find no important contradictions or discrepancies except as might appear in the testimony of any witness taken on two different occasions.

A number of cases were cited to support the statement appearing in the recent case of *Bourne* v. *State,* 192 Ark. 416, 91 S. W. 2d 1029, to the effect that a motion for a new trial on the ground of newly-discovered evidence addresses itself to the sound legal discretion of the trial court, and that this court will not reverse the action of the trial court overruling that motion except in cases where an abuse of such discretion is shown, or an apparent injustice has been done.

We find no abuse of discretion on the part of the trial judge, and as no error appears, the judgment must be affirmed, and it is so ordered.