JORDAN *v.* STATE.

4255

160 S. W. 2d 881

Opinion delivered March 16, 1942.

*Bob Bailey, Sr.,* and *Bob Bailey, Jr.,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

HOLT, J. On information charging murder in the first degree, Clyde Jordan was convicted of voluntary manslaughter, and from a judgment sentencing him to serve a term of three years in the state penitentiary comes this appeal.

For reversal appellant contends that the information is insufficient for the reason that it was signed and filed by the deputy prosecuting attorney. The information is signed: "R. M. Priddy, Prosecuting Attorney, by Joe Goodier, Deputy Prosecuting Attorney." This was sufficient. We so held in the following recent cases: *Bone* v. *State,* 200 Ark. 592, 140 S. W. 2d 140; *Rayburn* v. *State,* 200 Ark. 914, 141 S. W. 2d 532; and *State* v. *Eason and Fletcher,* 200 Ark. 1112, 143 S. W. 2d 22.

It is next argued that the evidence was not sufficient to support the jury's verdict. Among the witnesses on behalf of the state, the sheriff of Pope county, Arkansas, John Forehand, testified that he went to the home of appellant some three miles from Atkins, Arkansas, and arrested him while he was in bed asleep. After placing the handcuffs on appellant, he awakened him and appellant asked that the handcuffs be removed; that he refused the request, saying: "No, you killed a man," and quoting from the sheriff's testimony: "He wanted me to take him out on the porch, wanted me to go out on the porch with him. He said flash your light. I flashed my light down there. He said, 'I killed him; God damn him, I killed him.' We went back in the room, the room was torn up, it looked like there had been a scuffle or a fight. I went to the bed, piece about this size (indicating) had been knocked off, some hair there on this piece and on the piece of bed. This dead fellow had a skinned place

up in the edge of his hair, you could tell it was his hair; undoubtedly his head had hit it and broke it off. His pistol was lying in the rocking chair at the head of the bed."

He further testified that a shot had been fired through the window screen; that the screen was pushed out from the inside just the size of a bullet hole;; that they found deceased, Fred Godbey, lying on his back with his feet south from the porch and his head and part of his shoulders lying under the porch, "just like he had run out there and had jumped off the end of the porch and fell back"; that the deceased had been shot in the back just about the belt on one side of the backbone, and the bullet had come out on the opposite side near the navel. Inside the house on the floor near the stove was a billfold containing six $20 bills. He searched the body of Godbey and found some fifty odd cents in his pocket.

Everett Walker, constable, testified that he found appellant on the highway, took charge of him and he was in a drunken condition. He took appellant to appellant's home after he had told him that he had been robbed by Fred Godbey, the deceased. When he reached appellant's home he saw the man lying there "with his head up in under the porch" as if drunk. He lighted a lamp, took hold of the body of Godbey and it was cold and stiff. He heard appellant say at the time, "a Godbey, I killed him, I shot him, and I will get the last of them, and any son-of-a-b— that comes after me."

He further testified that appellant fired a shot at him and that he (witness) jumped into his truck and drove back to Atkins and called the sheriff.

Appellant admitted that he shot the deceased, but testified that Fred Godbey was trying to rob him. He shot where he thought Godbey was, but did not know that he had killed him.

There is other evidence of probative value which we deem it unnecessary to abstract here.

The rule is well settled that in determining whether the evidence is sufficient to support the verdict, this court

must consider it in the light most favorable to the state, and when this is done, we think there is ample testimony to support the jury's finding. *O'Neal* v. *State,* 179 Ark. 1153, 15 S. W. 2d 976; *Bowlin* v. *State,* 175 Ark. 1047, 1 S. W. 2d 546; *Yeager* v. *State,* 176 Ark. 725, 3 S. W. 2d 977.

It is next argued that the court erred in overruling appellant's supplementary motion for a new trial which was based upon alleged newly discovered evidence. Such motion is always addressed to the sound discretion of the trial court and unless it appears that there has been an abuse of discretion, an injustice has been done, or the rights of the accused prejudiced, this court will not. reverse. After a careful review of the record, we think no abuse of discretion has been shown.

In *Bourne* v. *State,* 192 Ark. 416, 91 S. W. 2d 1029, this court said: "A supplemental motion for a new trial, on the ground of newly discovered evidence, was filed and overruled. Such a motion addresses itself to the sound legal discretion of the trial court, and this court will not reverse except where an abuse of such discretion is. shown or an apparent injustice has been done. *Ward* v. *State,* 85 Ark. 179, 107 S. W. 677; *Young* v. *State,* 99 Ark. 407, 138 S. W. 475; *Cole* v. *State,* 156 Ark. 9, 245 S. W. 303. No abuse of discretion is shown." *Clements* v. *State,* 199 Ark. 69, 133 S. W. 2d 844.

Finally appellant complains about certain evidence brought out by the prosecuting attorney on cross-examination of appellant. Appellant was asked: "Q. You were convicted of a felony in 1926? A. Yes. Q. What was the charge? A. Get the record. . . . Q. Wasn't it assault and intent to rape in 1924 or 1926? A. You and your dad know how it was . . . Q. Haven't you had a number of shooting scrapes in your time? A. No, sir, I never shot another man." Appellant was asked if he had "pistol whipped" a boy by the name of Blackwood, whom he had working for him, and made him leave. Appellant answered "No," that he did not whip him but he made him leave.

The record reflects that the trial court excluded from the jury this latter evidence relating to the alleged whip-

ping of Blackwood with a pistol, but refused to reprimand the prosecuting attorney. The other evidence quoted, *supra,* was, we think, proper cross-examination, and on the whole it is our view that no error was committed. The testimony which the court permitted to go to the jury was brought out by the attorney for the state as affecting the credibility of appellant's testimony and was proper.

In *Burns* v. *State,* 197 Ark. 918, 125 S. W. 2d 463, we said: "This testimony was admitted on cross-examination of one of the appellants and it has always been held by this court that the cross-examination of the defendant to test his credibility may be given wide latitude. See *Wawak and Vaught* v. *State,* 170 Ark. 329, 279 S. W. 997."

On the whole case, finding no error, the judgment is affirmed.