## Don LUKER *v.* STATE of Arkansas

CR 74-27                                                509 S.W. 2d 806

### Opinion delivered June 3, 1974

*Gibson Law Office,* by: *Charles S. Gibson,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Alston Jennings Jr.,* Asst. Atty. Gen., for appellee.

J. Fred Jones, Justice. The appellant, Don Luker, was convicted at a jury trial in the Desha County Circuit Court of the crimes of burglary and grand larceny and was sentenced to six years on each count, the sentences to run consecutively. At the close of the evidence on behalf of the state Luker moved for a directed verdict and the motion was denied. On appeal to this court Luker contends that the trial court erred in refusing his motion for a directed verdict.

The facts appear as follows: On the night of February 24, 1973, the Hoppman Implement Company place of business in Dumas was burglarized and a 14 - horsepower mowing tractor valued at more than $1,000 was tkaen from the premises. The tractor was found the following morning

beside the highway where there were some marks on the pavement and other evidence indicating that a motor vehicle had broken down at that point. Luker was subsequently arrested and charged with the burglary and grand larceny on information filed by the prosecuting attorney.

Mr. Clarence E. Hoppman, owner and general manager of Hoppman Implement Company, testified as to the burglary of the building; as to the nature and value of the tractor and to the fact that it was taken from the building and premises.

Mr. Mickey Atkinson, a deputy sheriff for Desha County, testified that he investigated the burglary on February 25. He said he observed a window broken in the door of the building and was advised that a Holland S-14 long tractor with Serial No. 248706 was missing from the building. He said he found what appeared to be tractor tire imprints in soft ground leading from the door of the building. He said he followed the tire tracks about 75 yards to where they ended at what appeared to be imprints of the ends of two boards approximately six inches wide near some tire tracks of a truck or vehicle on which the tractor mower was apparently loaded. He said that cowboy boot tracks surrounded the area where the tractor was apparently loaded. Deputy Atkinson testified that he made plaster casts of the right front and rear tires of the vehicle. He said that later in the day he and Chief Deputy May went to a highway intersection where he observed the described tractor in a ditch beside the highway and observed a long scrape mark and pieces of metal in the highway where a motor vehicle had obviously wrecked or broken down. He said that there were tracks from the tractor indicating that several attempts had been made to drive it up an embankment onto the highway. He said he then went to the City Hall in Dumas where he observed Mr. Luker's truck parked in an alley by the City Hall where he compared the plaster casts he had made with the tread of the tires on the truck and they appeared to be identical. The trial court sustained an objection to the testimony as to the tires and plaster casts being from identical tires. Mr. Atkinson testified that he also observed a considerable amount of what appeared to be oil, grease and dirt in the rear of the pickup and also what appeared to be tractor tire prints in the back of the truck identical to the tread pattern of the tires on the tractor involved in the burglary and later found by the side of the

highway. Deputy Atkinson testified that Luker's truck was in the alley adjacent to the police department in Dumas when he compared its tire tread with the casts he had made, but that he has no idea how the truck got there. He said he did not arrest Mr. Luker and does not know who did. He said the truck was released to Mr. Luker's family but he does not know how long it stayed in the possession of the officers.

Mr. Earl May, deputy sheriff of Desha County, testified that he also observed the tracks of the little tractor leading to where it was apparently loaded on a truck. Mr. May's testimony, in all essential parts, was practically the same as that of Deputy Atkinson. Mr. May testified that he did not know whether Luker's truck was the one that had broken down on the highway where the tractor was found or not.

Mr. Mataz Bickham was the only other witness who testified for the state and he simply testified that on February 25 at approximately 10 or 11 o'clock in the morning he observed the little mower tractor sitting in a ditch beside the highway.

There is circumstantial evidence in this case that the tractor involved was taken in a burglary and was hauled away from the burglarized premises in a pickup truck belonging to the appellant, but there is no evidence, circumstantial or otherwise, that the appellant was driving the truck on the night in question. In *Jones* v. *State,* 246 Ark. 1057, 441 S.W. 2d 458, we reversed a burglary and grand larceny conviction for insufficiency of evidence where the state's case was based entirely on circumstantial evidence, and in that case we said:

> ". . . Where circumstantial evidence alone is relied upon to establish guilt of one charged with a crime, such evidence must exclude every other reasonable hypothesis than that of the guilt of the accused. *Logi* v. *State,* 153 Ark. 317, 240 S.W. 400; *Turner* v. *State,* 192 Ark. 937, 96 S.W. 2d 455; *O'Neal* v. *State,* 179 Ark. 1153, 15 S.W. 2d 976. A conviction resting upon evidence which fails to come up to the standard prescribed is contrary to law, and it is the duty of the court to set it aside. Where all the circumstantial evidence leaves the jury to conjecture only in determining the guilt of one accused, it fails to meet this standard. *Logi* v. *State, supra.*

The conviction here is based upon evidence lacking important elements shown in cases where we have found circumstantial evidence sufficient. In this case there was no evidence indicating that appellant was ever actually in possession of any part of the stolen property as there was in *Meadows* v. *State,* 128 Ark. 639, 193 S.W. 264; or that he was ever present at or near the paint store as was shown in *Nick* v. *State,* 144 Ark. 641, 215 S.W. 899; or that he had actually been present at the place or in the vicinity where the stolen property was found prior to the time when seen by the officers; or that he was ever in the vehicle tracked to the area where the paint was found as was shown in *Nick* v. *State, supra.* * * * The evidence in this case is no stronger than was the circumstantial evidence of grand larceny in *France* v. *State,* 68 Ark. 529, 60 S.W. 236, where we said that the defendant might be guilty, that the circumstances were suspicious but the evidence was too slight to support the verdict and a new trial should have been granted."

The important elements we found lacking in *Jones* v. *State, supra,* are also lacking in the case at bar, but since other admissible evidence may be admitted on retrial, this case is remanded for a new trial.

The judgment is reversed and the cause remanded.